Robert A. LUND
and Colleen L. Lund,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC-MD 011224F)

Robert A. Lund and Colleen L. Lund, Plaintiffs, filed the response *pro se*.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant.

Decision for Defendant rendered January 14, 2004.

**SALLY L. KIMSEY, Magistrate.**

This matter is before the court on Defendant's Motion For Summary Judgment. At issue are Notices of Assessment for tax years 1994, 1995, and 1996.

## I. STATEMENT OF FACTS

Plaintiffs first came to the attention of the Internal Revenue Service for the tax years at issue here. The Internal Revenue Service issued its audit report in October 1998, determining that Plaintiffs operated a trust without economic substance, also known as a sham trust. Accordingly, it determined that income allegedly earned by the trust for tax years 1994, 1995, and 1996 should instead be attributed to Plaintiffs. Plaintiffs appealed to the United States Tax Court where they were represented by counsel. In sustaining the Internal Revenue Services' determination that the trust lacked economic substance, the court examined the following four factors:

"(1) Whether the taxpayer's relationship, as grantor, to the property differed materially before and after the trust's formation; (2) whether the trust had an independent trustee; (3) whether an economic interest passed to other beneficiaries of the trust; and (4) whether the taxpayer honored restrictions imposed by the trust or by the law of trusts. *See Markosian v. Commissioner*, [73 TC 1235,] 1243-1245 (1980)."

*Lund v. Commissioner*, 80 TCM (CCH) 599, 602 (2000).

In determining that Plaintiffs' relationship to their business did not differ materially after the business was transferred to the trust, the *Lund* court stated that "[w]e are incredulous that petitioner would have transferred his 100-percent ownership interest in [his business], which petitioner believed to be worth $1 to $2 million, to a foreign corporation in exchange for no stated consideration and with nothing more than an unsecured employment relationship." *Id.* As to the second factor, the court found that the trustee "performed

no meaningful work" and thus was not truly independent. *Id.* The court also found that the trust beneficiaries "received nothing more than a token payment for their participation or complicity in the trust scheme." *Id.* at 602-03. Relating to the fourth factor, the court stated that "[t]he evidence also establishes that petitioner, in his continued management of [his business], was not bound or restricted by the terms of the * * * trust," noting that "[p]etitioner appears to have had essentially unrestricted use of the property purportedly transferred to [the trust]." *Id.* at 603.

Based on its analysis of the four factors, the court concluded that "[t]he only recognizable purpose for the formation of [the trust] was tax avoidance. * * * [The trust] lacked economic substance and * * * the net income of [the trust] is taxable to petitioner." *Id.* The court also concluded that Plaintiffs were subject to an accuracy-related penalty of 20 percent because the trust was of a type commonly known to be questionable and Plaintiffs did not make a "reasonable inquiry as to the legality of the proposal," such as consulting an accountant or attorney. *Id.* On appeal, the United States Court of Appeals for the Ninth Circuit affirmed the United States Tax Court, holding "the Tax Court's determination that [the trust] is a sham trust is more than well supported and by no stretch of the imagination clearly erroneous." *Lund v. Commissioner*, 2002-2 US Tax Cas ¶ 50,507 (9th Cir).

Based on Internal Revenue Service audit reports, Defendant issued Notices of Deficiency for the years at issue on July 16, 2001. Defendant issued Notices of Tax Assessment on September 24, 2001. The Notices of Tax Assessment were based on revised Internal Revenue Service audit reports. The revised audit reports were based on the net income from the sham trust while the original audit reports were based on the gross income.

Plaintiffs dispute the assessments, alleging that the audit reports upon which Defendant relied were not "true legal assessments." Thus, they reason, if the audit reports are invalid, it follows that the assessments from the Internal Revenue Service and Defendant are also invalid.

## II. ANALYSIS

■     Defendant is entitled to rely on the Internal Revenue Service audit report pursuant to ORS 305.265(2).[1] That statute states that "[i]f the department discovers from an examination or an audit of a report or return **or otherwise** that a deficiency exists, it shall compute the tax and give notice * * *." (Emphasis added.) In interpreting the predecessor to ORS 305.265(2), this court held that the statute "does not require the department to make an audit on every return or on any tax return for that matter. Moreover, there is no limitation upon the manner in which the department may receive information, 'if the department discovers from the audit or otherwise' that some income has not been reported." *Bronson v. Dept. of Rev.*, 5 OTR 86, 88 (1972) (citing ORS 314.405(1)).

Because Defendant is entitled to rely on the audit report, the issue then becomes whether the decision of the United States Tax Court, as affirmed by the United States Court of Appeals for the Ninth Circuit, precludes Plaintiffs from relitigating their federal taxable income in this court, specifically, whether the trust income should be attributed to Plaintiffs. For the reasons that follow, the court holds that Plaintiffs may not relitigate their federal taxable income.

As noted earlier, Plaintiffs' federal tax liability for tax years 1994, 1995, and 1996 has been extensively litigated. Plaintiffs appealed first to the United States Tax Court; they were represented by counsel. In a well-reasoned opinion, that court conclusively held that "[t]he only recognizable purpose for the formation of [the trust] was tax avoidance." *Lund*, 80 TCM (CCH) at 603. Plaintiffs then appealed to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed the United States Tax Court, finding that the court's decision was "more than well supported." *Lund*, 2002-2 US Tax Cas ¶ 50,507. As a result of the court's holding that Plaintiffs created a sham trust, an additional $1,235,725 of net income was taxable to Plaintiffs for the years at issue. *Lund*, 80 TCM (CCH) at 601. Plaintiffs were also responsible for a 20 percent accuracy-related

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1999.

penalty because, based on the facts and circumstances, Plaintiffs did not act in good faith. *Id.* at 603. *See* IRC § 6662, 6664(c) (1994).

■　　Whether or not Plaintiffs may litigate in this court the issues already litigated in federal court is referred to as issue preclusion or collateral estoppel. Issue preclusion "arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." *Fisher Broadcasting, Inc. v. Dept. of Rev.*, 321 Or 341, 347, 898 P2d 1333 (1995) (citing *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993)).

■　　In order for issue preclusion to apply, the following five elements must be met.

"1.　The issue in the two proceedings is identical.

"2.　The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

"3.　The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

"4.　The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

"5.　The prior proceeding was the type of proceeding to which this court will give preclusive effect."

*Nelson,* 318 Or at 104 (citations omitted).

This court had precisely this issue before it in *Hanson v. Dept. of Rev.*, OTC-RD No 1456 (Feb 11, 1982), *aff'd*, 294 Or 23, 653 P2d 964 (1982). In *Hanson* the taxpayers formed a family trust. They argued that the income they earned accrued to the trust. The taxpayers also filed an appeal with the United States Tax Court, making the same argument relating to their federal income taxes. *See Hanson v. Commissioner*, 42 TCM (CCH) 1731 (1981). The United States Tax Court held that taxpayers' trust was a sham trust such that the income allegedly earned by the trust was taxable to the taxpayers individually. *Id.* at 1737. The court also imposed a negligence penalty holding that "[t]axpayer faith in a 'flagrant tax avoidance scheme' repeatedly rejected by the courts is patently negligent." *Id.* at 1738. In a motion for

summary judgment before the Oregon Tax Court, the Department of Revenue argued that issue preclusion (then referred to as collateral estoppel) applied. In holding that issue preclusion applied, this court held,

> "The court sees no reason why the doctrine of [issue preclusion] should not apply in this case to prevent the plaintiffs from relitigating those issues actually litigated and necessarily determined in the United States Tax Court. Plaintiffs were represented by two attorneys in the prior suit and nothing indicates that the parties would have litigated the issues any differently before this court. The facts as determined by the United States Tax Court are therefore adopted without change."

*Hanson*, No 1456 at 7.

■ The court sees no reason the same result should not apply here. As in *Hanson*, the issue in both proceedings was Plaintiffs' federal taxable income, specifically whether the trust they created was a sham. Also, as in *Hanson*, it was necessary to determine the validity of the trust before their federal taxable income could be determined. In *Hanson* and the present case, each set of plaintiffs was represented by counsel at the United States Tax Court. It is apparent from reading both decisions that each set of plaintiffs "had a full and fair opportunity to be heard" on the sham trust issue. *Nelson*, 318 Or at 104. Additionally, in the present case, Plaintiffs were heard a second time by virtue of their appeal to the United States Court of Appeals for the Ninth Circuit. Both sets of plaintiffs were parties in their cases before the United States Tax Court. Plaintiffs argue that "there is a certain and absolute prohibition of adoption of findings of fact of a federal court, a jurisdiction foreign to the State of Oregon." The court disagrees. As the Oregon Supreme Court held in affirming this court in *Hanson*, "we hold that the fact two different governments were involved should not bar the use of [issue preclusion]." *Hanson*, 294 Or at 32. The same result should apply here.

### III.   CONCLUSION

Plaintiffs have had their day in court. Balancing the interests of Plaintiffs against the administration of justice, the court holds that issue preclusion applies in the present

case. Plaintiffs may not relitigate their federal taxable income for tax years 1994, 1995, and 1996 in this court. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is granted; Plaintiffs' appeal is denied.