Argued and submitted June 29, 2015, reversed December 29, 2016

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### JAMES RICHARD GREENE,
*Defendant-Appellant.*

Lincoln County Circuit Court
123672; A154816

388 P3d 1132

Sarah Laidlaw, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Egan, Judge, and DeHoog, Judge.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, assigning error to the trial court's denial of his motion for a judgment of acquittal.[1] Defendant was convicted of DUII for operating his motorized wheelchair in a crosswalk on a city street while intoxicated. He argues that a person crossing a street in a crosswalk in a motorized wheelchair is a pedestrian and not the operator of a vehicle for purposes of the DUII statutes. The state responds that the meaning of "vehicle" under ORS 813.010 is broad and applies to a motorized wheelchair, including when the wheelchair is being used to cross a street in a crosswalk and, hence, that defendant was subject to the DUII statutes when he drove his wheelchair on the street. Because we conclude that a person operating a motorized wheelchair in a crosswalk is a pedestrian and not the driver of a vehicle for purposes of the DUII statutes, we reverse.

In reviewing the denial of a motion for a judgment of acquittal, we state the facts in the light most favorable to the state. *See, e.g., State v. Kirkland*, 241 Or App 40, 42, 249 P3d 554 (2011). Defendant left a sidewalk in a motorized wheelchair and began crossing a street in a crosswalk. In doing that, he struck the side of a moving pickup truck and injured himself. At the time of the accident, defendant was impaired by alcohol and other drugs. Based on his impairment, the state charged defendant with DUII for driving his motorized wheelchair on premises open to the public, ORS 813.010.[2]

---

[1] Defendant also raises a second assignment of error, arguing that the trial court erred in instructing the jury. Our disposition of the first assignment obviates our need to address the second.

[2] ORS 813.010 provides, as relevant:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person *drives a vehicle* while the person:

"(a) Has 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150;

"(b) Is under the influence of intoxicating liquor, a controlled substance or an inhalant; or

"(c) Is under the influence of any combination of intoxicating liquor, an inhalant and a controlled substance."

(Emphasis added.)

After the close of the state's case in a jury trial, defendant moved for a judgment of acquittal, arguing, among other things, that, because he was using his wheelchair in a crosswalk, he was a pedestrian under ORS 801.385 and not subject to the DUII statutes that apply to drivers of motor vehicles.[3] According to defendant, had the legislature intended motorized wheelchairs operating in crosswalks to be treated as vehicles, it would have said that explicitly, as it did in enacting ORS 814.500, which treats motorized wheelchairs as bicycles when they are operated on bicycle lanes or paths.[4] The state responded that motorized wheelchairs are vehicles under ORS 801.590,[5] and, hence, that defendant was the driver of a vehicle under the DUII statutes when he drove his wheelchair in the crosswalk. The trial court concluded that defendant was subject to the DUII statutes when he was crossing the street in his motorized wheelchair and, accordingly, denied his motion for a judgment of acquittal.

A jury convicted defendant of DUII, and he appeals. The issue that we must resolve is whether, and to what extent, the operator of a motorized wheelchair is the driver of a vehicle for purposes of the DUII statutes, which presents a legal question. *See, e.g., State v. Spainhower*, 251 Or App 25, 27, 283 P3d 361 (2012).

Both parties present tenable constructions of the vehicle code. Defendant's construction rests on the unremarkable notion that the legislature did not intend pedestrians to be treated as operators of motor vehicles under the vehicle code, and vice versa. Defendant recognizes, however, that an operator of a motorized wheelchair may be subject to

---

[3] ORS 801.385 defines "pedestrian" for purposes of the vehicle code as "any person afoot or confined in a wheelchair."

[4] ORS 814.500 provides:

"Every person riding a motorized wheelchair on a bicycle lane or path is subject to the provisions applicable to and has the same rights and duties as the driver of a bicycle when operating on a bicycle lane or path, except:

"(1) When those provisions which by their very nature can have no application.

"(2) When otherwise specifically provided under the vehicle code."

[5] ORS 801.590 defines "vehicle" for purposes of the vehicle code as "any device in, upon or by which any person or property is or may be transported or drawn upon a public highway and includes vehicles that are propelled or powered by any means. 'Vehicle' does not include a manufactured structure."

the DUII statutes when the wheelchair is driven in a bicycle lane. *See* ORS 814.500 (treating motorized wheelchairs as bicycles when driven on bicycle lanes and paths).[6] In other words, notwithstanding ORS 801.385—which defines a pedestrian to include a person "confined in a wheelchair"— defendant acknowledges that the operator of a motorized wheelchair may, in some circumstances, be subject to the DUII statutes as the operator of a vehicle. Conversely, the state's construction also is plausible: Because the definition of "vehicle" in ORS 801.590 is broad enough to include motorized wheelchairs, the DUII statute, ORS 813.010, applies to operators of motorized wheelchairs when they drive their wheelchairs on premises open to the public. Nonetheless, for the reasons explained below, we agree with defendant's construction of the applicable statutes.

The vehicle code embodies a basic dichotomy between pedestrians and operators of vehicles. *See, e.g.*, ORS 811.028 (requiring drivers of vehicles to stop for pedestrians in crosswalks); ORS 811.025 (requiring drivers of vehicles to yield to pedestrians on sidewalks); ORS 814.010 (requiring pedestrians crossing at an intersection to obey pedestrian control signals, if they are present at the intersection, and not traffic control signals). *Compare* ORS 811.295 (requiring vehicles to drive on the right side of the road, with the flow of traffic) *with* ORS 814.070 (on a two-way highway with no sidewalks, requiring pedestrians to proceed on the far-left edge of the roadway, against the flow of traffic). That dichotomy evinces a legislative intention not to treat a person simultaneously as a pedestrian and the driver of a vehicle, and, accordingly, pedestrians generally are not subject to the provisions of the vehicle code that apply to vehicles and their operators.

Notwithstanding that dichotomy, the state makes two related arguments. First, as noted, it contends that the definition of "vehicle" in ORS 801.590 is broad enough to include motorized wheelchairs and, consequently, to subject

---

[6] Because ORS 814.500 treats motorized wheelchairs like bicycles when motorized wheelchairs are operated on bicycle lanes and paths, operators of motorized wheelchairs may be subject to the DUII statutes when they use wheelchairs in those locations because bicycle riders are subject to the DUII statutes. *See, e.g., State v. Woodruff*, 81 Or App 484, 487, 726 P2d 396, *rev den*, 302 Or 460 (1986) (holding that DUII statutes apply to bicycle riders).

drivers of motorized wheelchairs to the DUII statutes. Second, it contends that, because the vehicle code in ORS 801.026(6) exempts exclusively human-powered vehicles, except bicycles, from the provisions of the vehicle code that apply to vehicles, the legislature intended to treat operators of motorized wheelchairs—as opposed to operators of human-powered wheelchairs—as operators of vehicles in some circumstances.[7] Said another way, the state argues that the legislature intended to treat operators of motorized wheelchairs differently from operators of human-powered wheelchairs for some purposes in the vehicle code, specifically for purposes of the DUII statutes. However, we can discern no legislative intention to treat operators of motorized wheelchairs as pedestrians for most purposes in the vehicle code—for example, protecting them *from* operators of motor vehicles while crossing a street in a crosswalk, ORS 811.028—while also treating them as operators of motor vehicles for purposes of the DUII statutes. ORS 801.385 defines "pedestrian" for purposes of the vehicle code as *any* person * * * confined in a wheelchair." (Emphasis added.) Had the legislature intended to treat users of motorized and human-powered wheelchairs differently for purposes of the DUII statutes—the former as vehicle drivers and the latter as pedestrians—it would have made that distinction in treatment explicit. *Cf.* ORS 814.500 (operators of motorized wheelchairs subject to rights and duties of bicycle riders when motorized wheelchairs are used on bicycle lanes or paths).

Our review of the legislative history of the relevant portions of the vehicle code supports our understanding of it. The phrase "confined in a wheelchair" was added to the definition of "pedestrian" in ORS 801.385 in 1977. *See* Or Laws 1977, ch 882, § 41. The only testimony about that addition to the code was by Municipal Judge Wayne M. Thompson, who explained that people in wheelchairs should be included among pedestrians in the vehicle code "so they can be considered within the scheme of traffic control and rights of

---

[7] ORS 801.026(6) provides, "Devices that are powered exclusively by human power are not subject to those provisions of the vehicle code that relate to vehicles. Notwithstanding this subsection, bicycles are generally subject to the vehicle code as provided under ORS 814.400."

way." Tape Recording, Senate Committee on Judiciary, HB 3238, June 22, 1977, Tape 48, Side 1 (statement of Municipal Judge Wayne M. Thompson). Although Thompson's testimony does not offer any direct insight into whether the legislature intended people in wheelchairs to be subject to the DUII statutes, the decision to define a person using a wheelchair as a pedestrian for purposes of the vehicle code indicates that the legislature intended the operators of *all* wheelchairs to be regulated and protected like pedestrians.

The state points to the legislative history of ORS 814.500, which treats motorized wheelchairs like bicycles when they are driven on bicycle lanes. Or Laws 1991, ch 417, § 3. The state particularly relies on a staff summary that told legislators that then-existing law prohibited motorized vehicles, including motorized wheelchairs, from operating on bicycle lanes. Staff Measure Summary, House Committee on Transportation, SB 689, June 6, 1991. The state concludes that, because the legislature was told when it enacted ORS 814.500 that motorized wheelchairs are motor vehicles for purposes of the vehicle code, the legislature would expect operators of motorized wheelchairs to be subject to the DUII statutes.

We interpret that legislative history differently. The sponsor of the bill that became ORS 814.500, Senator Grattan Kerans, testified that he had introduced the bill because some Eugene police officers had taken "a close reading" of the statute prohibiting motorized vehicles from operating on bicycle paths, ORS 811.435,[8] and had warned operators of motorized wheelchairs not to use those paths. His bill sought to address that problem by permitting motorized wheelchairs to be used on bicycle paths. Tape Recording, Senate Committee on Transportation, SB 689, May 7, 1991, Tape 82, Side B (statement of Sen Grattan Kerans). Notably, Linda Lynch of the City of Eugene testified that the warnings that had prompted Senator Kerans to introduce his bill had been given by newly hired police officers who had subsequently been trained *not* to issue citations to people

---

[8] ORS 811.435(1) provides, "A person commits the offense of operation of a motor vehicle on a bicycle trail if the person operates a motor vehicle upon a bicycle lane or a bicycle path."

operating motorized wheelchairs on bicycle paths. Tape Recording, Senate Committee on Transportation, SB 689, May 7, 1991, Tape 82, Side B (statement of Linda Lynch). Hence, it appears that the legislature enacted ORS 814.500 to make explicit that motorized wheelchairs are permitted to use bicycle lanes, that is, to remove any doubt that they are allowed to do that. However, the legislature's decision to do that does not mean that the legislature intended motorized wheelchairs to be treated as motor vehicles regardless of where or how they are operated.

In light of that legislative history, we conclude that the legislature adopted ORS 814.500 to establish a narrow circumstance in which motorized wheelchairs are to be treated like bicycles, and thus by extension, vehicles—*viz.*, when motorized wheelchairs are operated on bicycle lanes or paths. However, the legislature did not thereby intend for motorized wheelchairs to be uniformly treated as motor vehicles when operated on premises open to the public.

In the end, we are persuaded that the dichotomy that pervades the vehicle code between pedestrians and operators of vehicles decisively evinces a legislative intention not to subject people in motorized wheelchairs to the DUII statutes when they are traveling as pedestrians in crosswalks. We conclude that a person using a motorized wheelchair under circumstances in which the person is a pedestrian for purposes of the vehicle code is not subject to the DUII statutes.

Here, the evidence viewed in the light most favorable to the state establishes that defendant left a sidewalk in his motorized wheelchair and travelled in a crosswalk. Accordingly, defendant was a pedestrian and not a driver of a vehicle for purposes of the DUII statutes. Hence, the trial court erred in denying defendant's motion for a judgment of acquittal.

Reversed.