Submitted May 8, affirmed July 1, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERICH BOEKELHEIDE,
*Defendant-Appellant.*

Lane County Circuit Court
18CR47334; A170149

469 P3d 863

Defendant appeals a judgment of conviction for felony driving under the influence of intoxicants, ORS 813.011. Defendant was riding his bicycle under the influence of intoxicants on a sidewalk. Without looking for oncoming traffic and ignoring a red light, he steered his bicycle into an intersection crosswalk and collided with an ambulance. Defendant was taken to the hospital where a blood draw revealed a blood alcohol level well above the legal limit to operate a vehicle. Defendant in his sole assignment of error challenges the legal sufficiency of the state's evidence. Defendant makes two arguments to support his assignment of error. First, relying on *State v. Greene*, 283 Or App 120, 388 P3d 1132 (2016), he asserts that a person crossing a street in a crosswalk on a bicycle is a pedestrian and not the operator of a vehicle for the purposes of the DUII statutes. He contends that a bicycle in a crosswalk is like a person in a wheelchair who, under *Greene*, is considered a pedestrian. Second, defendant contends that a cyclist has the same rights as a pedestrian when in a crosswalk. Thus, defendant argues that he had the right to ride through the crosswalk while intoxicated. The state responds that *Greene* is distinguishable because it rests on a statute that expressly defines the term "pedestrian" to include a person in a wheelchair and that there is no similar statute that applies to a person riding a bicycle. Furthermore, the state argues that a bicycle is a "vehicle" and subject to the same rules that govern vehicles on highways. *Held*: The trial court did not err in finding defendant guilty of DUII because an operator of a bicycle is not a pedestrian for the purposes of the DUII statutes. Furthermore, an operator of a bicycle does not have the same rights as a pedestrian when in a crosswalk.

Affirmed.

Bradley A. Cascagnette, Judge.

David Moule and Moule & Frank, Lawyers, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Kamins, Judge, and Landau, Senior Judge.

LANDAU, S. J.

Affirmed.

**LANDAU, S. J.**

Defendant rode his bicycle while intoxicated, veering from a sidewalk into an intersection crosswalk against a red light. He was convicted of felony driving under the influence of intoxicants (DUII). ORS 813.011.[1] He appeals, arguing that he should not have been convicted because the law regards a cyclist in a crosswalk as a "pedestrian," not the operator of a vehicle. We affirm.

The relevant facts are not in dispute. Defendant rode his bicycle while intoxicated on a sidewalk in Springfield. Without looking for oncoming traffic and ignoring a red light, he steered his bicycle into an intersection crosswalk and collided with an ambulance. He was taken to the hospital where a blood draw revealed a blood alcohol level well above the legal limit to operate a vehicle. When questioned, defendant admitted that he had consumed several shots of Jim Beam and that his level of intoxication impaired his ability to ride his bicycle.

Defendant was charged with DUII. In his trial memorandum and during closing, defendant argued that he should be acquitted because the facts show that he was not operating a "vehicle" while intoxicated. He reasoned that a person on a bicycle in a crosswalk is like a person in a wheelchair who, under *State v. Greene*, 283 Or App 120, 388 P3d 1132 (2016), is regarded as a pedestrian and not the operator of a vehicle. In support of his argument, defendant cited ORS 814.410(2), which provides that "[e]xcept as otherwise specifically provided by law, a bicyclist on a sidewalk or in a crosswalk has the same rights and duties as a pedestrian on a sidewalk or in a crosswalk." The trial court rejected the argument and found defendant guilty of DUII.

On appeal, defendant argues that the trial court erred in finding him guilty of DUII.[2] He asserts that "[a]

---

[1] ORS 813.010 prohibits driving under the influence of intoxicants, a Class A misdemeanor. ORS 813.011 provides that driving under the influence of intoxicants is a Class C felony if the defendant has been previously convicted of DUII, under ORS 813.010, at least twice in the previous 10 years. In this case, it is undisputed that defendant had been previously convicted of DUII in the previous 10 years.

[2] Defendant did not move for a judgment of acquittal. But, in a bench trial, a defendant's closing argument may be treated as the equivalent of a motion for a

person crossing a street in a crosswalk on a bicycle is a pedestrian and not the operator of a vehicle for the purposes of the DUII statutes." The entirety of his argument in his opening brief comprises the following four paragraphs:

> "A person crossing a street on a bicycle is a pedestrian and not the operator of a vehicle for purposes of the DUII statutes. ORS 814.410(2) (['a bicyclist on a sidewalk or in a crosswalk has the same rights and duties as a pedestrian on a sidewalk or in a crosswalk[']).

> "In *Greene*, the defendant was convicted of DUII for operating his motorized wheelchair in a crosswalk on a city street while intoxicated. He argued that a person crossing a street in a crosswalk in a motorized wheelchair is a pedestrian and not the operator of a vehicle for purposes of the DUII statutes, citing ORS 801.385 (['"]Pedestrian["] means any person afoot or confined in a wheelchair[.']). 283 Or App at 121-22. The court held: ['D]efendant was a pedestrian and not a driver of a vehicle for purposes of the DUII statutes.[']

> "Hence, the trial court erred in denying defendant's motion for a judgment of acquittal. 283 Or App at 126.

> "In this case, defendant was a pedestrian under ORS 814.410(2) and, like the defendant in *Greene*, not a driver of a vehicle for purposes of the DUII statutes. Therefore, the trial court erred in finding defendant guilty after a bench trial on stipulated facts."

The state responds that *Greene* is distinguishable because it rests on a statute that expressly defines the term "pedestrian" to include a person in a wheelchair. There is no similar statute that applies to a person riding a bicycle, the state argues. To the contrary, the state argues, ORS 814.400 declares that a bicycle is a "vehicle" within the meaning of the vehicle code and that bicyclists are subject to the same rules that govern the operation of any other vehicles on highways, unless "otherwise *specifically provided*." (Emphasis in original.) The state contends that no other statute does so.

In reply, defendant's argument shifts somewhat from contending that a bicyclist in a crosswalk is a pedestrian

---

judgment of acquittal, if, as here, it raises the legal question of the sufficiency of the evidence. *State v. Gonzalez-Valenzuela*, 358 Or 451, 454 n 1, 365 P3d 116 (2015).

to asserting that such a cyclist has the same rights as a pedestrian. According to defendant, that means that he had the right to ride through the crosswalk while intoxicated: "Pedestrians have the right to walk under the influence of intoxicants. Bicyclists on sidewalks and in crosswalks have the same right."

We are thus presented with an issue of statutory construction, which we resolve as a matter of law in accordance with principles of interpretation as provided in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). Among those principles is that we do not examine the wording of statutes in a vacuum; rather, we read such wording in context, so that all relevant statutes are interpreted as a workable whole. *Unger v. Rosenblum*, 362 Or 210, 221, 407 P3d 817 (2017).

ORS 813.010(1) provides that a person commits the offense of DUII if the person drives a "vehicle" while under the influence of intoxicants. For the purposes of the state vehicle code, the term "vehicle" means "any device in, upon or by which any person or property is or may be transported or drawn upon a public highway and includes vehicles that are propelled or powered by any means." ORS 801.590. That a bicycle is considered a "vehicle" is reflected in several different statutes. The definition provisions of the vehicle code, for example, provide that the term "'[b]icycle' means a vehicle" that, among other specifications, is designed to run on wheels by human power. ORS 801.150. Likewise, ORS 814.400(2) provides both that "[a] bicycle is a vehicle for purposes of the vehicle code" and that, "when the term 'vehicle' is used[,] the term shall be deemed to be applicable to bicycles." ORS 801.026(6) then declares that, as vehicles, "bicycles are generally subject to the vehicle code as provided under ORS 814.400." Given the statutory provisions concerning vehicles and bicycles, this court has readily concluded that "a bicycle is a 'vehicle'" within the meaning of the DUII statutes. *State v. Woodruff*, 81 Or App 484, 487, 726 P2d 396, *rev den*, 302 Or 460 (1986).

The state vehicle code includes a definition of the term "[p]edestrian" as "any person afoot or confined in a

wheelchair." ORS 801.385. *Greene* addressed the interpretation of that definition. In that case, the defendant was convicted of DUII after he operated a motorized wheelchair while intoxicated and in a crosswalk. *Greene*, 283 Or App at 121. On appeal, he argued that he could not be convicted of DUII because, as a person confined in a wheelchair, he was a "pedestrian" and not the operator of a vehicle. *Id.* The court agreed with the defendant that the reference to "wheelchair" in ORS 801.385 included a motorized wheelchair. *Id.* at 124-26.

The state vehicle code spells out different standards of conduct for pedestrians and for operators of vehicles. As shown below, there are several statutes that concern only and specifically pedestrian conduct. To name a few, concerning the rights and duties of pedestrians, ORS 814.010 establishes "appropriate pedestrian responses" to certain traffic control devices at crosswalks. ORS 814.030 similarly requires pedestrians to obey bridge and railroad signals. ORS 814.040 describes the circumstances under which pedestrians must yield to vehicles, as for instance, when the pedestrian is not in a crosswalk. ORS 814.050 requires pedestrians to yield to ambulances and emergency vehicles.

On the other hand, ORS 814.400(1) provides that a person riding a bicycle "upon a public way is subject to the provisions applicable to and has the same rights and duties as the driver of any other vehicle concerning operating on highways[.]" Thus, bicycle operators are subject to the statute prohibiting driving under the influence of intoxicants. *Woodruff*, 81 Or App at 487 ("[T]he DUII statute applies to bicyclists.").

ORS 814.400(1) identifies two exceptions—first, when the provisions governing the rights and duties of operators of other vehicles "by their very nature can have no application"; and second, when "otherwise specifically provided under the vehicle code." ORS 814.400(2). ORS 814.410 then spells out more specifically what a bicyclist must do to avoid a violation for "unsafe operation of a bicycle on a sidewalk." It provides that a person operating a bicycle may not—among other things—"suddenly leave a curb or

other place of safety and move into the path of a vehicle that is so close as to constitute an immediate hazard[,]" or "[o]perate[] a bicycle upon a sidewalk" and fail to "give an audible warning before overtaking and passing a pedestrian[,] and does not yield the right of way to all pedestrians on the sidewalk," or operate a bicycle "on a sidewalk in a careless manner." ORS 814.410. Finally, ORS 814.410(2) provides that, "[e]xcept as otherwise specifically provided by law, a bicyclist on a sidewalk or in a crosswalk has the same rights and duties as a pedestrian on a sidewalk or in a crosswalk."

With that as background, we turn to defendant's two arguments—that he was not the operator of a vehicle, but was a pedestrian when he rode onto the crosswalk and, in any event, that, because he had the same rights as a pedestrian, he had the right to ride his bike onto the crosswalk intoxicated.

Defendant's first argument cannot be reconciled with the foregoing statutes, which expressly state—several times—that a bicycle is a vehicle, the operation of which is subject to the vehicle code. ORS 814.410(2) does say that a person who rides a bicycle on a sidewalk or in a crosswalk has the same "rights and duties as a pedestrian" in the same circumstances. But that statute does not say that a person riding a bicycle on a sidewalk or in a crosswalk *is* a pedestrian. Subsection (1) of the very same statute refers to operators of a bicycle on a sidewalk and pedestrians as two different things. *See* ORS 814.410(1) (referring to both an operator of a bicycle and a pedestrian as distinct entities). If a person riding a bicycle on a sidewalk is actually a pedestrian, for example, the provision requiring the cyclist to "yield the right of way to all pedestrians on the sidewalk" makes little sense.

*Greene* offers no support for defendant's argument. As we have observed, that case turned on the meaning of the term "wheelchair" as an express component of the statutory definition of "pedestrian" in ORS 801.385. *Greene*, 283 Or App at 124. That statutory definition includes no wording that could reasonably be interpreted to extend the meaning of "pedestrian" to include bicyclists. Defendant

would have us, in effect, read into the statute such wording, so that the definition of "pedestrian" in ORS 801.385 would provide that the term means "any person afoot or confined in a wheelchair *or riding on a bicycle on a sidewalk or in a crosswalk*." That is simply not what the statute says. As a rule, courts take statutory definitions as they find them and assume that any such omissions are intentional. *See, e.g.*, *Burley v. Clackamas County*, 298 Or App 462, 466, 446 P3d 564, *rev den*, 365 Or 721 (2019) ("[I]t is not our role to displace that legislative choice by crafting a different, specialized definition.").

Defendant's alternative argument—that, as a cyclist in a crosswalk, with the same rights and duties as a pedestrian, he had the right to cycle intoxicated in a crosswalk—fares no better. ORS 814.410(2) provides only that a bicyclist in a crosswalk "has the same rights and duties as a pedestrian *** in a crosswalk." It certainly is true that Oregon law does not prohibit a pedestrian from being intoxicated in public. But it does not necessarily follow that a pedestrian has the "right" to do so. *Cf.* ORS 430.399 (authorizing police officers to take publicly intoxicated persons home or to a sobering facility). Aside from that, accepting for the sake of argument only the existence of such a right, defendant's argument assumes that the statute, in referring to the "rights and duties as a pedestrian on a sidewalk or in a crosswalk," includes a pedestrian's right to be on a sidewalk or in a crosswalk while intoxicated. *Cf.* ORS 814.410 (giving no such right).

That is, to say the least, an unlikely reading of the statute. As we have noted, the vehicle code spells out in some detail the particular rights and duties of a pedestrian, including rights and duties on a sidewalk and in an intersection—obeying traffic devices at crosswalks, obeying bridge or railroad signals, yielding to oncoming vehicles when not in a crosswalk, and yielding to ambulances and emergency vehicles. ORS 814.010 - 814.050. It is much more likely that the "rights and duties as a pedestrian on a sidewalk or in a crosswalk" in ORS 814.410(2) refer to such rights and duties, not to legal rights and duties generally applicable to all persons.

Moreover, defendant's argument overlooks the fact that any "rights and duties as a pedestrian on a sidewalk or in a crosswalk" apply "[e]xcept as otherwise specifically provided by law." ORS 814.410(2). Here, as we have explained, the vehicle code does otherwise specifically provide that bicyclists are subject to the law prohibiting driving under the influence of intoxicants.

To the extent that there is any ambiguity about the matter, the absurd results canon resolves it. As the Supreme Court explained in *State v. Vasquez-Rubio*, 323 Or 275, 283, 917 P2d 494 (1996), when resolving an ambiguity in a statute, "the court will refuse to adopt the meaning that would lead to an absurd result that is inconsistent with the apparent policy of the legislation as a whole." In this case, the policy of the state vehicle code is not merely apparent, it is explicit. ORS 801.020(11) declares that it is the policy of the state vehicle code "[t]o provide maximum safety for all persons who travel or otherwise use the public highways of this state." More particularly, the requirements of ORS 814.410 are imposed to prevent the "unsafe operation of a bicycle" on a sidewalk or in a crosswalk. It would be odd indeed for the legislature on the one hand to impose various duties "to provide maximum safety" and to avoid "unsafe operation of a bicycle on a sidewalk," while on the other hand provide a statutory right to operate a bicycle while intoxicated.

The trial court did not err in finding defendant guilty of DUII.

Affirmed.