206 November 14, 2024 No. 816

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN MICHAEL POWELL,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR19935; A179521

Michael C. Wetzel, Judge.

Submitted April 22, 2024.

Raymond Tindell filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Pagán, Judge, and Mooney, Senior Judge.

MOONEY, S. J.

Affirmed.

**MOONEY, S. J.**

Defendant appeals a judgment of conviction, entered after a bench trial, for two felony counts of violating a stalking protective order, ORS 163.750.[1] He raises two assignments of error. First, defendant contends that the trial court erred in denying his motion for judgment of acquittal (MJOA), arguing that the evidence was insufficient to prove that he recklessly engaged in conduct prohibited by the stalking protective order (SPO). Second, defendant argues that the trial court plainly erred by failing to declare a mistrial after the judge learned that he had represented defendant in an unrelated criminal matter 18 years earlier. We affirm.

We begin with defendant's challenge to the denial of his MJOA. "We review the denial of a motion for judgment of acquittal for legal error, viewing the evidence in the light most favorable to the state to determine whether any rational trier of fact could have found the elements of the crimes beyond a reasonable doubt." *State v. Miller*, 289 Or App 353, 357, 413 P3d 999 (2017) (internal quotation marks and brackets omitted). We state the relevant facts in accordance with that standard.

Defendant and his ex-girlfriend, A, co-signed a loan for the purchase of a Ford F350 truck while she and defendant were still dating. A ended up making most of the loan payments, and she and defendant did not agree about who was entitled to possession and ownership of the truck after their relationship ended, although A retained actual possession of the truck. On the day in question, defendant asked a friend to drive him to A's neighborhood so he could retrieve the truck. They spotted the truck, which was being driven by A's new boyfriend, D, and in which A was riding as the passenger. Defendant asked his friend to follow D and A,

---

[1] ORS 163.750 provides, in relevant part:

"(1) A person commits the crime of violating a court's stalking protective order when:

"(a) The person has been served with a court's stalking protective order ***;

"(b) The person, subsequent to the service of the order, has engaged intentionally, knowingly or recklessly in conduct prohibited by the order[.]"

and as his friend did so, defendant attempted to get D and A to stop by yelling at them.

D had a valid SPO that, among other things, prohibited defendant from coming into D's visual or physical presence. D eventually pulled over, got out of the truck, and told defendant to leave. Defendant remained in his friend's vehicle. After D exited the truck, A moved into the driver's seat and drove around the block, circling back to pick up D. Defendant followed A around the block and then took off in a different direction when she stopped for D. Although defendant claimed that his parole officer had given him permission to locate the truck and to then wait for police assistance to take possession, his parole officer testified that defendant "was specifically told not" to go to A's neighborhood.

We begin by rejecting the state's contention that defendant's argument is unpreserved. After the state rested, defendant moved for judgment of acquittal, arguing that the state failed to prove that he had engaged in conduct prohibited by the SPO. Additionally, defense counsel argued in closing that the state had not carried its burden with respect to the "criminal intent" element of the charged crime. That was enough. *See, e.g.*, *State v. Gonzalez-Valenzuela*, 358 Or 451, 454 n 1, 365 P3d 116 (2015) (agreeing with "the long-standing case law from the Court of Appeals" that raising a sufficiency argument during closing argument in a bench trial can be the "equivalent of a motion for judgment of acquittal"); *see also State v. Forrester*, 203 Or App 151, 155, 125 P3d 47 (2005), *rev den*, 341 Or 141 (2006) (holding that, in a bench trial, an MJOA is not necessary to preserve a claim of error concerning the legal sufficiency of the state's evidence "as long as a defendant clearly raises the issue in closing argument").

Turning to the merits on the first assignment of error, we conclude that the evidence was legally sufficient to support defendant's convictions for violating the stalking protective order. To establish that defendant acted at least recklessly, the state was required to produce evidence establishing beyond a reasonable doubt that he was aware of and consciously disregarded a substantial and unjustifiable risk that his conduct violated the SPO. ORS 161.085(9) (defining

"recklessly"); ORS 163.750 (defining the elements of the crime of violating a court's SPO). Defendant claims that he did not intend to contact D—rather, he was simply trying to contact A to take possession of the truck. But even if defendant did not start out intending to contact D, once he saw that D was driving the truck, rather than turning away, he instructed his friend to follow the truck, and he proceeded to lower his window and yell at the truck that D was driving. A rational factfinder could readily conclude on that record that defendant recklessly violated the SPO. The trial court did not err when it denied defendant's MJOA.

We turn to defendant's second assignment of error, in which he argues that the trial court erred by failing to *sua sponte* declare a mistrial upon learning that the trial judge had previously represented defendant in another matter. We review the denial of a motion for a mistrial for abuse of discretion, but where, as here, no motion was made, we may reverse only if "it is beyond dispute" that defendant was denied a fair trial. *State v. Chitwood*, 370 Or 305, 311-12, 518 P3d 903 (2022) (internal quotation marks omitted).

As we recently explained,

> "All persons charged with a crime have the right to a fair and impartial trial under both the Oregon and United States Constitutions. The right to a fair trial includes the right to a trial before an impartial judge. That right may be secured and enforced through recusal, removal, or disqualification, any of which may be prompted administratively, by a party's motion, or by the court's own motion."

*State v. Ovalle*, 325 Or App 538, 540, 529 P3d 278 (2023) (citations and footnote omitted). ORS 14.210(1)(d) prohibits a judge from acting as judge "if the judge has been attorney in the action, suit or proceeding for any party." But recusal or disqualification is not required when a judge previously represented a party in an unrelated matter, unless additional facts call into question the judge's impartiality. *State v. Pierce*, 263 Or App 515, 521-22, 333 P3d 1069, *rev den*, 356 Or 400 (2014) (explaining that neither ORS 14.210(1)(d) nor the Oregon Code of Judicial Conduct requires recusal when a judge has previously represented a party, unless the judge has previously represented a party in the *same* matter, the

judge is biased against a party, or the judge has personal knowledge of disputed evidentiary facts).

Here, following the verdict but before sentencing, defense counsel notified the trial court that the trial judge had represented defendant in an unrelated criminal case some 18 years earlier. The trial judge explained that while he recognized defendant's name, he did not otherwise remember defendant or his case, and that he did not have any "ill will" toward defendant. Defense counsel requested time to brief the issue, and ultimately reported back to the court that she did not have a good faith basis to move for a mistrial or request any other remedy. No other discussion about disqualifying the trial judge occurred, nor was any evidence in support of disqualification presented. The trial court did not err by failing to *sua sponte* declare a mistrial.

Affirmed.