No. 622 July 9, 2025 797

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KRISTOPHER MICHAEL JOE,
*Defendant-Appellant.*

Washington County Circuit Court
24CR11275; A184503

Oscar Garcia, Judge.

Submitted June 6, 2025.

Frances J. Gray filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction, entered after a bench trial, for one count of harassment, witnessed by a minor child. ORS 166.065. He raises two assignments of error, which amount to essentially three arguments: First, that "the evidence was insufficient to prove the element of intent"; second, that "the evidence was insufficient to prove the element of 'offensive physical contact'"; and third, that "the evidence was insufficient to prove the offense was 'witnessed by a minor child.'" We understand defendant's first argument to be premised on his understanding that the verdicts rendered by the trial court are inconsistent, and his second and third arguments to be premised on a contention that the trial court erred in denying the equivalent of a motion for a judgment of acquittal on the harassment charge.[1]

Having reviewed the record, we conclude that the trial court did not err. Consequently, we affirm.

As charged in this case, a person commits the crime of harassment under ORS 166.065 if the person intentionally "[h]arasses or annoys another person" by "[s]ubjecting such other person to offensive physical contact." ORS 166.065 (1)(a)(A). In assessing whether a defendant has subjected another person to offensive physical contact, "the factfinder must apply an objective standard[:] what would a reasonable person regard as offensive contact in the circumstances, not what was the victim's subjective reaction." *State v. Keller*, 40 Or App 143, 146, 594 P2d 1250 (1979).

Further, harassment is generally a Class B misdemeanor but becomes a Class A misdemeanor if the victim that the defendant subjects to offensive physical contact "is a family or household member of the [defendant]" and "[t]he offense is committed in the immediate presence of, or is witnessed by, the [defendant's] or the victim's minor child or stepchild or a minor child residing within the household of the [defendant] or victim." ORS 166.065(4). Harassment is

---

[1] Defendant did not move for a judgment of acquittal. But, in a bench trial, a defendant's closing argument "may be treated as the equivalent of a motion for a judgment of acquittal, if *** it raises the legal question of the sufficiency of the evidence." *State v. Boekelheide*, 305 Or App 239, 241 n 2, 469 P3d 863 (2020).

"witnessed by" a minor child if it is "seen or directly perceived in any other manner by the minor child." ORS 166.065(6)(b).

"Whether verdicts are consistent is a question of law, thus the trial court's acceptance of the verdicts is reviewed for an error of law." *State v. Thompson*, 328 Or 248, 268, 971 P2d 879, *cert den*, 527 US 1042 (1999). "If verdicts can be harmonized, they are not necessarily inconsistent." *Id.* And "[w]e review the denial of a motion for judgment of acquittal for legal error, viewing the evidence in the light most favorable to the state to determine whether any rational trier of fact could have found the elements of the crimes beyond a reasonable doubt." *State v. Powell*, 336 Or App 206, 207, 561 P3d 130 (2024) (internal quotation marks omitted).

Regarding defendant's first argument—that "the evidence was insufficient to prove the element of intent"—defendant argues that because the trial court acquitted defendant of "intentionally attempting to cause physical injury to [the victim] by attempting to impede her normal circulation" when it acquitted him of one count of attempted strangulation, ORS 163.187, and one count of attempted assault in the fourth degree, ORS 163.160, it was also required to acquit him of the harassment charge. In defendant's view, it was "logically inconsistent" for the trial court to find "that the state had failed to prove the same alleged act" as to attempted strangulation and attempted assault in the fourth degree "yet proved it as to" harassment. As noted, we understand defendant to argue that the verdicts rendered by the trial court are inconsistent.

Defendant's argument that the verdicts rendered by the trial court are inconsistent is unpreserved, however, and defendant has not asked for us to review for plain error. *See State v. Bentley*, 301 Or App 347, 354, 456 P3d 651 (2019) ("[D]efendant did not preserve an argument below that the trial court's verdict was inconsistent, and, thus, we do not address it."); *see also State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (explaining that this court "ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked [it] to do so").

But, even if defendant had preserved an argument that the verdicts are inconsistent, the argument would not be well taken, because the verdicts are not necessarily inconsistent: The trial court could have found beyond a reasonable doubt that defendant intentionally subjected the victim to offensive physical contact, ORS 166.065, but found that the state had not met its burden to prove beyond a reasonable doubt that defendant either intended to "cause[] physical injury" to the victim, ORS 163.160(1), or intended to "impede the normal breathing" of the victim, ORS 163.187(1).

Regarding defendant's second argument—that "the evidence was insufficient to prove the element of 'offensive physical contact'"—defendant argues that the "evidence showed a mutual combat between [the victim] and defendant that [the victim] initiated." Defendant asserts that "objectively *** it could be said that it was [the victim] who assaulted and harassed defendant." Indeed, as defendant sees it, the victim "violated his personal integrity by trying to forcibly take an item from him that she assumed was drug paraphernalia" and also "violated defendant's privacy."

Viewing the evidence in the light most favorable to the state, we conclude that a rational trier of fact could have found beyond a reasonable doubt that defendant subjected the victim to offensive physical contact. Among other evidence that supports that finding is the victim telling her son to "call the cops" because defendant was "going to kill her"; the victim's son's call to 9-1-1, where he disclosed that defendant was "beating up" the victim; "bangs and thuds" that the victim's son heard emanating from the bathroom where defendant and the victim were arguing; the victim "coughing," and that she could "barely talk" during at least part of her confrontation with defendant; the victim lying on her back in the bathroom coughing after defendant exited the bathroom; and the injuries on the victim's neck after her confrontation with defendant. *See, e.g.*, *Keller*, 40 Or App at 147 (concluding that "spitting on another" can constitute "offensive physical contact within the meaning of ORS 166.065(1)(a)").

Regarding defendant's third argument—that "the evidence was insufficient to prove the offense was 'witnessed'

by a minor child"—he asserts that "if the proof of an attempt to cause [the victim] physical injury was lacking and [the victim] was not offended or annoyed by the struggle that she initiated, there is no context from which to reasonably infer that the minor children were 'contemporaneously aware' that the sights and sounds [they perceived] arose from defendant subjecting [the victim] to offensive physical contact."

Defendant, however, did not preserve an argument that the evidence was legally insufficient for a rational trier of fact to find that the harassment was "'witnessed' by a minor child." *See State v. Cassidy*, 331 Or App 69, 73, 545 P3d 203, *rev den*, 372 Or 763 (2024) ("In the context of a motion for a judgment of acquittal, an objection as to the legal insufficiency of evidence to prove a claim on one theory does not have the effect of preserving all other possible theories of insufficiency; rather, parties must explain to the court and opposing party a specific reason for the asserted legal insufficiency." (Internal quotation marks omitted.)).

But, if the argument was preserved, we would conclude the evidence in the record—including the victim's son's phone call to 9-1-1 and her daughter's description to a police officer of defendant's conduct—was legally sufficient for a rational trier of fact to find that the victim's children "directly perceived" the harassment. *See State v. Rader*, 348 Or 81, 93, 228 P3d 552 (2010) (concluding that for the crime of fourth-degree assault, ORS 163.160, "[w]hen the state contends that a child heard and thus directly perceived an assault, it is sufficient to show that the child was aware that the sounds arose from assaultive conduct" and "[t]he child need not be aware of the details or the specifics of the assault").[2]

Affirmed.

---

[2] In reaching our conclusion in this appeal, we have not relied on information in the state's pretrial hearsay notice, which is noted in both the state's answering brief and discussed in defendant's reply brief.