Argued and submitted October 5, affirmed November 16, 1982

# HANSON, et al,
*Appellants,*

*v.*

# DEPARTMENT OF REVENUE,
*Respondent.*

## (SC 28507, TC 1456)

653 P2d 964

24

Robert C. Jacobini, Portland, argued the cause for appellants. Barbara J. Rose, Portland, filed the briefs for Appellants.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General.

CAMPBELL, J.

## CAMPBELL, J.

Taxpayers, founders of a family trust, appeal from an order of summary judgment issued by the Oregon Tax Court, which held that their family trust was ineffective to transfer income to the trust and that taxpayers owed additional individual income tax. Taxpayers contend that the Oregon Tax Court judge had a duty to disqualify himself following their motion for disqualification, and they further contend that a previous determination by the United States Tax Court was an inappropriate basis for the use of the doctrine of collateral estoppel. We affirm.

Taxpayers, then husband and wife, formed a family trust in 1977. This trust was an attempt to cause their income from personal services and income-producing property to be income of the trust, rather than individual income. In May 1980, a hearings officer for the Department of Revenue of the State of Oregon found that the income earned in 1977 was individual income rather than trust income. Taxpayers then filed this complaint in the Oregon Tax Court. In August 1981, taxpayers' trial counsel appeared before the Oregon Tax Court on another matter. At that time the judge made remarks that counsel interpreted as evidence of prejudice toward herself and her clients. She then filed a motion to disqualify the judge, supported by an affidavit containing conclusory statements. The judge denied the motion, stating that ORS 305.455(2) did not allow such a motion and the motion was not timely under ORS 14.260.

The taxpayers also filed suit to reverse a determination of the United States Tax Court concerning the same trust for the same year. The United States Tax Court, in November 1981, issued an order that taxpayers were individually taxable on the income from 1977 attributable to their services and their income-producing property, even though they purportedly conveyed their lifetime services and all their income-producing property to the trust.

In January 1982, Department of Revenue moved for summary judgment in this case on the basis of collateral estoppel, bringing the United States Tax Court decision

to the attention of the court. On that basis, the court granted summary judgment for the Department.

■    Taxpayers claim error in the denial of their motion to disqualify the judge and in the use of collateral estoppel in the present case.[1]

## DISQUALIFICATION

■    Taxpayers argue that the judge of the tax court had a duty to disqualify himself after they made a motion for such disqualification. The judge denied the motion on two grounds: (1) the motion was not timely made under ORS 14.260;[2] (2) ORS 305.455(2)[3] does not allow such a motion. Although the taxpayers' arguments are not easy to understand, taxpayers apparently argue that ORS 305.455(2) is unconstitutional, that their motion should be considered under ORS 14.250[4] and was timely, and that their

---

[1] In their reply brief, taxpayers contend for the first time that the tax court abused its discretion by awarding costs and disbursements to defendant. *See* Oregon Tax Court Rule 69. No objections were filed in the time prescribed, so we will not consider this contention.

[2] ORS 14.260:

"Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the prejudice described in ORS 14.250 by motion supported by affidavit that the judge before whom the cause, matter or proceeding is pending is prejudiced against such party or attorney, or the interest of such party or attorney, so that such party or attorney cannot or believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge, and that it is made in good faith and not for the purpose of delay. The affidavit shall be filed with such motion at any time prior to final determination of such cause, matter or proceedings in uncontested cases, and in contested cases before or within five days after such cause, matter or proceeding is at issue upon a question of fact * * *."

[3] ORS 305.455(2):

"(2) Notwithstanding the provision of any other law, the provisions of ORS 14.250 relating to the disqualification of a judge for prejudice shall not be applicable to any judge serving regularly or temporarily as a judge of the tax court."

[4] ORS 14.250:

"No judge of a circuit court shall sit to hear or try any suit, action, matter or proceeding when it is established, as provided in ORS 14.250 to 14.270, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause, matter or proceeding. In such case the presiding judge shall forthwith transfer the cause, matter or proceeding to another judge of the court, or apply to the Chief Justice of the Supreme Court to send a judge to try it; or, if the convenience of witnesses or the ends of justice will not be interfered with by such course,

constitutional due process rights were violated by the prejudice of the judge. They also argue that ORS 305.455(2) is contrary to the public policy of maintaining confidence in the judiciary. We consider only those arguments raised by taxpayers. We do not reach the question of whether a tax court judge must disqualify himself or herself for actual prejudice. *See* Judicial Canon 3C(1)(a).

It is important to note that there are two separate statutory schemes for disqualifying judges in Oregon. ORS 14.210 describes disqualification for cause. ORS 14.250 describes disqualification for prejudice, which is at issue in the present case. This statute on its face refers only to circuit court judges. ORS 305.455(2) clearly states that ORS 14.250 does not apply to the tax court. Taxpayers argue that because the tax court is a court of general rather than limited jurisdiction, it should come under this section. They also argue that ORS 305.455(2), denying use of ORS 14.250 to those litigants in the tax court, is unconstitutional in that it denies Due Process and violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article 1, Section 20 of the Oregon Constitution.

This argument does not help taxpayers. Assuming their argument is correct, without so deciding, taxpayers would then need to abide by the time limitations of ORS 14.260, referred to in the tax court order. This statute, in plain and unambiguous language, requires that a motion for disqualification in a contested case must be filed before or within five days from the time the matter is at issue on a question of fact. In the present case the matter was at issue when Department answered on December 8, 1980. Taxpayers made their motion for disqualification on August 14, 1981. Taxpayers argue they made their motion as soon as they became aware of the possible prejudice or bias. However, the legislature set this five day limit and we uphold it. Because taxpayers did not timely file their motion, they

and the action or suit is of such a character that a change of venue thereof may be ordered, the presiding judge may send the case for trial to the most convenient court; except that the issues in such cause may, upon the written stipulation of the attorneys in the cause agreeing thereto, be made up in the distict of the judge to whom the cause has been assigned."

may not take advantage of ORS 14.250, even if ORS 305.455(2) were unconstitutional.[5]

Because ORS 14.250 is not available to taxpayers, they rely on constitutional protections to support their argument. A fair trial in a fair tribunal is a basic requirement of due process, *Withrow v. Larkin,* 421 US 35, 46, 95 S Ct 1456, 43 LEd 2d 712 (1975). In approving the denial of a motion to disqualify a judge for prejudice and bias, the Court stated in *United States v. Grinnell Corp.,* 384 US 563, 583, 86 S Ct 1698, 16 LEd 2d 778 (1966), that to be disqualifying the alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case, citing *Berger v. United States,* 255 US 22, 31, 41 S Ct 230, 65 LEd 481 (1921).

■ Because taxpayers are contending that they were deprived of constitutionally protected procedural due process, they must make allegations of fact that would support a finding of prejudice or bias that arguably fit this standard as opposed to the conclusory statements that are allowed under the statutory scheme. They have not done so.

■ Taxpayers finally argue that the failure to allow tax court judges to be disqualified for prejudice is against the policy announced repeatedly by this court to prevent even an appearance of impropriety in the court system, quoting *U'ren v. Bagley,* 118 Or 77, 82-83, 245 P 1074 (1926). It is true that the appearance of propriety of the courts is an important consideration, but we are bound by the legislative determination of policy matters.

The tax court judge's refusal to disqualify himself was proper in this instance.

## COLLATERAL ESTOPPEL

■ Taxpayers argue that the tax court erred in holding that the same issues had been decided in the United

---

[5] At oral argument, taxpayers' counsel argued for the first time that ORS 14.270, which does not contain the five day limitation, should control. It applies to judicial districts having a population of 100,000 or more. Taxpayers now attempt to argue the Oregon Tax Court fits this definition. Because this contention was not properly raised we do not address it. *American Village v. Stringfield Lbr.,* 269 Or 41, 43, 522 P2d 891 (1974).

States Tax Court and in applying the doctrine of collateral estoppel. They contend the doctrine does not apply because: the United States Tax Court made rulings on questions that are only determinable by state law; the United States Tax Court made irrelevant findings of fact; and there was no mutuality. At oral argument taxpayers conceded that mutuality is no longer required for collateral estoppel in Oregon. In this they are correct. *Bahler v. Fletcher,* 257 Or 1, 19, 474 P2d 329 (1970).

In *Bahler* we examined the rationale for collateral estoppel:

> "The doctrine of judicial finality, of which collateral estoppel is a part, is based upon two considerations. First, the protection of private litigants against the harassing necessity of litigating more than once the same issue or cause of action; and, second, the protection of the public's interest in preventing relitigation of matters once decided. The first consideration has no application to the facts of this case because the person who has previously litigated the issue and who is desirous of the opportunity of doing so again is not seeking protection from the harassment of continuous litigation. Also, the person who is attempting to assert the previous determination has not previously litigated the issue and is asking that he not be required to litigate it at all.
>
> "The public's interest in minimizing relitigation of an issue once decided is subservient only to the requirement that a party be given a full, complete, and fair opportunity to litigate any issue upon which his rights depend. Whether a person has been given such a previous opportunity to litigate the issue has little to do with whether or not his adversary, who is seeking to assert the bar of collateral estoppel, is bound by the previous litigation." 257 Or at 6. (Footnote omitted).

■ Although not raised by taxpayers, the above quotation refers to "private" litigants, and we must consider whether the situation is any different when a branch of the government is attempting to assert collateral estoppel. *Tait v. Maryland,* 289 US 620, 624, 53 S Ct 706, 707, 77 LEd 1405, 1408 (1933), states that the public policy upon which the doctrine of res judicata is founded applies with equal force to the sovereign's demands and the claims of the citizens. *Commissioner v. Sunnen,* 333 US 591, 598-599, 63

S Ct 715, 720, 92 LEd 898, 906 (1948), also says that collateral estoppel operates to relieve both the government and the taxpayer of redundant litigation of the identical question. Thus the fact that it is the government attempting to assert collateral estoppel makes no difference. *See* Annot., *Res Judicata in Income Tax Cases,* 130 ALR 374, 376.[6]

■      An initial inquiry in deciding if collateral estoppel is applicable is whether the issues are identical and whether a particular matter was actually decided. *State Farm v. Century Home,* 275 Or 97, 104, 550 P2d 1185 (1976).

In the present case, the tax court correctly stated that both courts considered the issue:

" ' * * * whether petitioners are taxable on the [1977] income attributable to petitioners' services and their income-producing property, or whether the J. D. Hanson Trust (the "Trust"),to which petitioners purportedly conveyed all of their income-producing property and their lifetime services, is taxable on this income.' " *Hanson v. Commissioner,* 42 TCM(CCH) 1731, 1736 (1981).

The United States Tax Court judge made extensive findings of fact. *Hanson v. Commissioner, supra* at 1732-1736. Taxpayers contend the issues were not identical, because the United States Tax Court referred to the divorce that occurred in 1978 and the Oregon Tax Court said the divorce was irrelevant. It is true that the United States Tax Court referred to the divorce in a footnote, stating:

"19. The fact that petitioners divided the trust corpus between themselves as part of their divorce settlement without regard to the interests of the other nominal beneficiaries, is in itself strong proof that the petitioners never intended to part with legal or equitable title to their property." *Hanson v. Commissioner, supra* at 1737.

However, this was not included in the findings of fact, and was evidently not relied on by the judge. We conclude the identical issues were litigated.

---

[6] There are even cases allowing the government to use collateral estoppel against a criminal defendant. *United States v. Bejar-Matrecios,* 618 F2d 81 (9th Cir 1980); *United States v. Colacurcio,* 514 F2d 1 (9th Cir 1975).

"Once the court has concluded that the evidence is sufficient to establish that an identical issue was actually decided in a previous action, 'prima facie the first judgment should be conclusive.' *Bahler v. Fletcher,* 257 Or at 20. The burden then shifts to the party against whom estoppel is sought to bring to the court's attention circumstances indicating the absence of a full and fair opportunity to contest the issue in the first action or other considerations which would make the application of preclusion unfair. Whether the proffered circumstances and considerations warrant a conclusion that the litigant lacked a 'full and fair' opportunity to litigate the issue and that it would be otherwise 'unfair' to preclude him from contesting the issue again are likewise questions of law. Collateral estoppel involves a policy judgment balancing the interests of an individual litigant against the interests of the administration of justice, and this court reserves the final word as to where the balance is struck in any given case." *State Farm v. Century Home, supra,* 275 Or at 105.

Taxpayers no longer contend they did not have an opportunity to fully and fairly litigate this question in the United States Tax Court. However, they argue that because the United States Tax Court is a court of limited jurisdiction and the Oregon Tax Court is a court of general jurisdiction, the Oregon Tax Court should not be bound by the decision of the United States Tax Court. In *Dolven v. First National Bank,* 238 Or 306, 393 P2d 196 (1964), we held that an order from a probate court, which is a court of limited jurisdiction, is *res judicata* in a circuit court. *See* 50 CJS *Judgments* §689. The same principle applies here.

Taxpayers' final contention is that the United States Tax Court made rulings on matters which can only be determined by the state court, relying on *Blair v.Commissioner,* 300 US 5, 57 S Ct 330, 81 LEd 465 (1937). *Blair* held that the Commissioner of Internal Revenue could not ignore intervening decisions of state courts interpreting local law. There is no question that the United States Tax Court does not have jurisdiction to finally determine questions of state law, and in the present case, there was no such determination by the United States Tax Court. As the United States Tax Court said in footnote 17:

"* * * While we agree with respondent that the Trust is a sham for federal tax purposes, we emphasize that this

determination does not mean that petitioners' purported probate goals are thwarted. It may very well be the case that, under Oregon state law, upon the death of one of the petitioners the Trust permits the devolvement of his or her property outside probate. This fact does not affect our inquiry into whether the Trust is a sham for federal tax purposes." *Hanson v. Commissioner, supra* at 1736.

■  One final concern is whether collateral estoppel should apply when there are two different governments involved. Because this issue was not raised by taxpayers, neither they nor the Department have cited us to any cases involving such a question. Older caselaw would not support such a use of collateral estoppel because of the requirement of mutuality, and the two governments would not have been in privity.[7] Our own examination of the caselaw reveals no precedent for this. However, because taxpayers do not contest the fact that they had a fair and full hearing in the United States Tax Court, and have offered no convincing rationale why collateral estoppel should not apply in the present case, we hold that the fact two different governments were involved should not bar the use of collateral estoppel.

■  We hold after balancing the interest of the plaintiffs against the interest of the administration of justice, as *State Farm v. Century Home, supra,* 275 Or at 105, requires us to do, the tax court was correct in allowing summary judgment on the basis of collateral estoppel.

Affirmed.

---

[7] Many jurisdictions retain the mutuality requirement. *See* Annot., 31 ALR 3d, *Mutuality of Estoppel as Prerequisite of availability of Doctrine of Collateral Estoppel to a Stranger to the Judgement,* 1044, 1059.