Submitted on record and briefs December 8, affirmed December 30, 1982

# DEPARTMENT OF REVENUE,
*Respondent,*
*v.*
## QUIGLEY,
*Appellant.*

(No. 1563, SC 28276)

# DEPARTMENT OF REVENUE,
*Respondent,*
*v.*
## QUIGLEY ET AL,
*Appellants.*

(No. 1564 SC 28277)

655 P2d 1058

Robert and Betty Quigley, appellants, filed briefs prose.

Dave Frohnmayer, Attorney General, and Walter J. Apley, Assistant Attorney General, Salem, filed the brief for respondent.

TANZER, J.

## TANZER, J.

Defendants appeal the issuance of a peremptory writ of mandamus by the Oregon Tax Court directing them to file personal income tax returns for the tax years 1978 and 1979. Defendants Robert and Betty Quigley are individual taxpayers. Betty Quigley is also a defendant in her capacity as a fiduciary of the R. and B. Quigley Trust. Defendants in their pro se brief make many contentions. We will deal with those which most comprehensibly state points of law.

■ Defendants' first contention is that the tax court lacked jurisdiction. ORS 305.410(1) grants the tax court the "sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state. * * *"[1] ORS 314.365 authorizes the tax court, on petition of the Department of Revenue, to issue a writ of mandamus ordering a taxpayer who has not filed a "return within 60 days of the time prescribed by * * * law" to do so. While it is not clear why defendants believe the jurisdiction of the tax court is defective, the tax court did have jurisdiction generally over defendants as taxpayers and jurisdiction specifically to issue the peremptory writ.

■ Defendants contend that the tax court erred in requiring them to hire an attorney to represent them. That is not what happened. After trial, defendants requested an extension of time in which to file a brief. The judge of the tax court refused to grant an extension unless defendants wished to hire an attorney to prepare it. He explained that he did not believe the defendants could prepare a legal brief which would be of assistance. It is within his discretion to determine whether a brief would be sufficiently helpful to warrant delaying the decision of the case.

■ Defendants further contend that the Department of Revenue was required to prove that they and the trust actually had income for the years in question before the tax court could order them to file income tax returns. Defendants have presented a complicated argument based on

---

[1] The only exceptions provided are ORS 305.445 relating to judicial review by this court and ORS 305.410(2) relating to the priority of property tax liens.

provisions of the Internal Revenue Code and their own definition of gross income, none of which is pertinent. ORS 314.365, which authorizes issuance of the writ of mandamus, contains only one condition precedent. The Department of Revenue need only allege that the taxpayer has failed to file a return within the prescribed period of time. Defendants have not countered that allegation, and issuance of the writ was therefore authorized.

Finally defendants contend that "the tax court lacked impartiality to the nth degree" and that the tax court allowed "confusion to reign throughout the proceedings before it." In support of each of these contentions defendants refer us generally to the record. There are no assignments of error as required by ORAP 7.19. Moreover, no motions for disqualification were made. *See, Hanson v. Dept. of Rev.,* 294 Or 23, 653 P2d 964 (1982). We find no reason for reversal.

The decision of the Oregon Tax Court is affirmed.