IN THE OREGON TAX COURT
REGULAR DIVISION

Victorio C. RIVERA,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
and John A. Kitzhaber, M.D.,
*Defendants.*

(TC 4573)

Victorio C. Rivera, Plaintiff (taxpayer), filed a response *pro se.*

Melisse S. Cunningham, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendants rendered August 6, 2002.

## HENRY C. BREITHAUPT, Judge.

This matter is before the court on Defendant Department of Revenue's (the department) Motion to Dismiss and Plaintiff's (taxpayer) subsequently filed Motion for Disqualification of Judge Henry C. Breithaupt.[1]

The rulings of this court on those motions are as follows:

### *Motion for Disqualification*

■    Taxpayer appears to act under ORS 14.260[2] in seeking to have this judge removed, asserting his subjective belief that he will be unable to obtain a fair and impartial trial or hearing. However, ORS 305.455(2) makes the statutory provisions cited by taxpayer inapplicable to any judge serving either regularly or temporarily as a judge of this court.

■    Even if ORS 14.250 and ORS 14.260 were applicable to a judge of this court, motions under those sections cannot be made after the judge has ruled on a motion other than a motion to extend time. In this matter, this court ruled on several motions, other than time extensions, on May 16, 2002. Taxpayer's motion for disqualification was filed May 20, 2002, and was therefore untimely in any event. ORS 14.260(3); *State ex rel Hopkins v. Schenck*, 313 Or 529, 536-39, 836 P2d 721 (1992).

### *Motion to Dismiss*

In ruling on this motion, the court will consider the various claims and requests for relief made by taxpayer in his complaint in this proceeding.

■    Taxpayer first claims that he was discriminated against when Magistrate Weidner issued, in his words, a "sham" Decision of Dismissal. Taxpayer's complaint in this matter is treated as a *de novo* proceeding. ORS 305.501(5)(d);

---

[1] Also, taxpayer has recently filed an "(Ex Parte) Demand Transfer to Another Judge." To the extent that this constitutes a permissible motion, it is in substance no different than the motion for disqualification.

[2] All references to the Oregon Revised Statutes (ORS) are to 2001.

ORS 305.425. Accordingly, even if there had been irregularities at the prior proceeding, the *de novo* nature of this proceeding is considered to afford taxpayer adequate relief. *Freightliner Corp. v. Dept. of Rev.*, 5 OTR 270, 279-80 (1973). In his complaint to this division of the court, taxpayer did not allege facts sufficient, if proven, to support a conclusion that the treatment he received was a result of improper discrimination or that persons of other races similarly situated are not treated in the same fashion.

■      Taxpayer's second claim appears to sound in tort and this court has no jurisdiction over such claims. *Sanok v. Grimes*, 294 Or 684, 697-98, 662 P2d 693 (1983).

The "claims" contained in taxpayer's complaint, paragraphs 3, 4, 5, 6, 7, 8, and 9 fail either because they sound in tort, raise objections regarding compliance by the magistrate with procedural rules, which are covered by the *Freightliner Corp.* doctrine, or allege failures by other parties to respond to taxpayer's allegations. Complaints about the failure of other parties to respond cannot substitute for pleading of facts and law providing a basis for relief.

Taxpayer's "claim" in paragraph 10 of his complaint alleges that Magistrate Weidner did not comply with ORS 14.260 and acted unconstitutionally in dismissing his case. Even if a magistrate of the Tax Court is a judge for purposes of ORS 14.250, a magistrate is indisputably then also a judge of the Tax Court and the provisions of ORS 14.250 and ORS 14.260 do not apply. Article I, section 10, of the Oregon Constitution, invoked by taxpayer, is not violated when a decision of dismissal is granted. In any case, under the principles in *Freightliner Corp.*, the dismissal is not actionable where *de novo* review is possible.

In paragraph 11 of his complaint, taxpayer requests impeachment of Magistrate Weidner. This court has no authority to grant such a remedy.

Analysis of the relief demanded by taxpayer is also helpful. Taxpayer first requests a declaratory judgment that his "rights have been violated." As stated above, he has not pleaded facts or laws sufficient to support such a request for relief. Taxpayer requests a mandatory injunction be issued

requiring "the Defendants" to issue a declaratory ruling on what he asserts is a petition for property tax exemption. Under the statutes, issuance of declaratory rulings is entirely discretionary with the department. ORS 305.105. This court has no authority to issue a mandatory injunction of the type requested by taxpayer.

Taxpayer then makes three claims for declaratory relief and damages relating to certain real property, the withholding of possession of that property, loss of rents and profits from that property, and punitive damages. This court has jurisdiction over tax disputes but no authority to provide such declaratory relief or damage awards. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Disqualification of Judge Henry C. Breithaupt is denied; and

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss is granted. Costs to Defendant.