Submitted February 25; convictions on Counts 2, 3, and 4 reversed and remanded, remanded for resentencing, otherwise affirmed April 1; petition for review denied August 27, 2020 (366 Or 827)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA OVALLE,
*Defendant-Appellant.*

Washington County Circuit Court
17CR66194; A167970

463 P3d 610

Andrew Erwin, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

PER CURIAM

Convictions on Counts 2, 3, and 4 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for sexual offenses committed against his girlfriend's minor daughter, advancing two assignments of error. First, he argues that the trial court erred in admitting an audio recording between the victim and a detective because the state provided insufficient notice of intent to offer it under OEC 803(18a)(b). We reject that assignment without discussion. Second, he argues that the court erred in receiving the verdict with respect to three counts, because, among other things, the court failed to comply with ORCP 59 G(1). The state concedes that error and, as explained below, we agree.

Defendant was charged with six offenses: first-degree rape (Count 1); first-degree criminal mistreatment (Count 2); two counts of first-degree sexual abuse (Counts 3 and 4); and two counts of first-degree sodomy (Counts 5 and 6). Jury deliberations began on a Friday. Late in the afternoon, the jury indicated that it reached a verdict on Counts 2, 3, and 4, but otherwise was deadlocked on the remaining counts. The trial court elected to give the jury a folder to seal all six of the verdict forms and to have them return the following Monday to continue deliberations.

One of the jurors had a trip scheduled and was unavailable on Monday, and, before the jury was sent home on Friday, the parties agreed to have an alternate juror serve instead. Over the weekend, another juror suffered a death in the family, and the trial court released her from service. At that point, defendant objected to the court receiving the verdicts on Counts 2, 3 and 4, contending that the installation of the alternates required the jury to begin deliberating anew, in part because he had not had the opportunity to poll the previous jury. The court rejected defendant's arguments, received the verdicts on Counts 2, 3, and 4, and instructed the reconstituted jury to deliberate on Counts 1, 5, and 6. The reconstituted jury found defendant not guilty on Count 1 and guilty on Counts 5 and 6.

On appeal, defendant challenges only his resulting convictions on Counts 2, 3, and 4, arguing that the trial court's process violated ORCP 59 F and G(1), (3), (4), and (5),

made applicable to criminal trials by ORS 136.330(1). The state concedes that the process violated ORCP 59 G(1), which provides that, "[w]hen the jurors have agreed upon their verdict, they shall be conducted into court by the officer having them in charge. The court shall inquire whether they have agreed upon their verdict. If the foreperson answers in the affirmative, it shall be read." The state is correct. The court's process ultimately deprived defendant of his well-established right to have the jury polled on Counts 2, 3, and 4. *Brooks v. Gladden*, 226 Or 191, 193, 358 P2d 1055 (1961); *State v. Lewis*, 18 Or App 206, 208-11, 524 P2d 1231 (1974) (reversing and remanding for new trial because trial court's use of anonymous jury polling procedure violated the defendant's "absolute right" to have the jury polled).

Convictions on Counts 2, 3, and 4 reversed and remanded; remanded for resentencing; otherwise affirmed.