Argued and submitted August 23, 2022, reversed and remanded April 26, 2023

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSHUA OVALLE,
*Defendant-Appellant.*

### Washington County Circuit Court
17CR66194; A175319

529 P3d 278

Defendant appeals from a judgment of conviction and sentence after remand. He assigns error to the trial judge's denial of his ORS 14.210(1)(c) motion to disqualify judge for specific cause—consanguinity within three degrees of kinship to an attorney in the office of the district attorney. Defendant also raises two *pro se* supplemental assignments of error, the first of which challenges the sentencing court's imposition of a 300-month sentence on one of the sodomy convictions, and the second which challenges the court's failure to instruct the jury on a lesser-included offense. *Held*: The trial court erred when it relied upon ORS 14.260(3) to summarily deny defendant's ORS 14.210(1)(c) motion to disqualify judge. The procedural limitations imposed by ORS 14.250 to 14.270 apply to motions to disqualify judge for prejudice filed under ORS 14.250, but they do not apply to motions to disqualify judge for cause, including those filed under ORS 14.210. The trial court should have held a hearing on the merits of the motion. The Court of Appeals rejected the second *pro se* supplemental assignment of error as unpreserved. It did not reach the first *pro se* supplemental assignment because the need to do so was obviated by the court's resolution of the first assignment concerning the motion to disqualify judge.

Reversed and remanded.

Andrew Erwin, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Lagesen, Chief Judge, and Mooney, Judge.*

MOONEY, J.

Reversed and remanded.

_____

* Lagesen, C. J., *vice* James, J. pro tempore.

**MOONEY, J.**

This case presents the question whether an ORS 14.210 motion to disqualify judge for cause is subject to the procedural limits of ORS 14.260(3). As we will explain, the answer is no. This is defendant's second appeal. The first time, we reversed three of his convictions, affirmed two, and remanded for resentencing. *State v. Ovalle*, 303 Or App 356, 463 P3d 610, *rev den*, 366 Or 827 (2020). Defendant was resentenced by the same judge who had presided over the trial and sentenced him the first time. He now appeals from the judgment of conviction and sentence after remand, asserting one assignment of error and two *pro se* supplemental assignments of error. We reject the first supplemental assignment asserting instructional error as unpreserved. We write to address the first assignment, which challenges the trial court's denial of defendant's ORS 14.210(1)(c) motion to disqualify judge. We conclude that the trial court erred when it summarily denied the motion as unavailable to defendant. More specifically, we conclude that the court erred in applying ORS 14.260(3) as a bar to the motion on the ground that the judge whose disqualification was sought had previously made substantive rulings in the case. Given that disposition, we need not and do not reach the second supplemental assignment.

We begin with a general discussion about fairness and impartiality to provide context for and to help explain our holding on the motion to disqualify judge. All persons charged with a crime have the right to a fair and impartial trial under both the Oregon and United States Constitutions. Or Const, Art I, § 11; US Const, Amend XIV. The right to a fair trial includes the right to a trial before an impartial judge. *State v. Leland*, 190 Or 598, 608, 227 P2d 785 (1951), *aff'd*, 343 US 790, *reh'g den*, 344 US 848 (1952).[1] That right may be secured and enforced through recusal, removal, or disqualification, any of which may be prompted administratively, by a party's motion, or by the court's own motion. For example, a judge may, of their own accord, request not to be

---

[1] Although defendant does not appear to have affirmatively sought to have a particular judge for his resentencing, we note that "[t]he public has no right to have a particular judge preside over a particular case." *State ex rel Oliver v. Crookham*, 302 Or 533, 537, 731 P2d 1018 (1987).

assigned to a certain case because of a potential conflict or appearance of conflict. A party might seek to disqualify a judge on the basis of conflict or bias as a matter of constitutional due process. *See State v. Garza*, 125 Or App 385, 388-89, 865 P2d 463 (1993), *rev den*, 319 Or 81 (1994) (describing a defendant's constitutional due process claim based on judge's refusal to recuse herself and stating that a "judge's actual or apparent bias must by necessity result in disqualification, even when the statutory requirements for recusal" have not been followed). A party may seek to disqualify a judge based upon one or more of the specific causes set forth in statute, ORS 14.210(1),[2] or upon a good faith belief that they cannot get a fair trial before the assigned judge, under ORS 14.250.[3]

Oregon's judicial disqualification statutes, ORS 14.210 to 14.275, have been in existence in one form or another for well over a century. They were designed to ensure the rights of parties to fair and impartial trials and to maintain public confidence in the court system. *U'Ren v. Bagley*, 118 Or 77, 82-83, 245 P 1074 (1926). Those who have endeavored to chronicle the history of those statutes have generally divided them into two separate tracks: (1) those that permit or require disqualification for cause—interest in the case, relationship to a party, or prior participation

---

[2] ORS 14.210(1) provides, in part, that:

"A judge shall not act as such in a court of which the judge is a member in any of the following circumstances:

"(a) *** if the judge is a party to or directly interested in the action, suit or proceeding[.]

"(b) *** if the judge was not present and sitting as a member of the court at the hearing of a matter submitted for its decision.

"(c) *** if the judge is related to any party, or to the attorney for any party, or to the partner or office associate of any such attorney, by consanguinity or affinity within the third degree.

"(d) *** if the judge has been attorney in the action, suit or proceeding for any party.

"(e) *** on appeal if the judge participated in making the decision that is subject to review."

[3] ORS 14.250 provides, as relevant, that:

"No judge of a circuit court shall sit to hear or try any suit, action, matter or proceeding when it is established, as provided in ORS 14.250 to 14.270, that any party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge."

in matters connected to the case, and (2) those that permit or require disqualification for bias or prejudice—based on affidavits of subjective belief that the judge is biased or prejudiced, making a fair trial impossible. *See Disqualification of Judges for Prejudice or Bias – Common Law Evolution, Current Status, and the Oregon Experience*, 48 Or L Rev 311, 360 (1969). The Supreme Court has likewise stated:

> "It is important to note that there are two separate statutory schemes for disqualifying judges in Oregon. ORS 14.210 describes disqualification for cause. ORS 14.250 describes disqualification for prejudice[.]"

*Hanson v. Dept. of Rev.*, 294 Or 23, 27, 653 P2d 964 (1982). For-cause disqualification statutes have received less legislative and judicial attention over the years than for-prejudice statutes, no doubt at least partly because the specific for-cause grounds are "well-rooted in the American common law," and are measurable by objective standards, whereas the for-prejudice grounds are more elusive and harder to measure. *See Disqualification of Judges for Prejudice or Bias*, 48 Or L Rev at 312.

At issue here is defendant's motion to disqualify a particular judge for a specific cause—consanguinity within three degrees of kinship to an attorney in the district attorney's office—under ORS 14.210(1)(c). That provision provides:

> "A judge shall not act as judge if the judge is related to any party, or to the attorney for any party, or to the partner or office associate of any such attorney, by consanguinity or affinity within the third degree."

We review the trial court's ruling on defendant's motion to disqualify for legal error. *State v. Langley*, 363 Or 482, 498, 424 P3d 688 (2018), *adh'd to as modified on recons*, 365 Or 418, 446 P3d 542 (2019), *cert den*, 141 S Ct 138 (2020).

The pertinent facts are not in dispute. Defendant was charged with several criminal offenses against his minor stepdaughter. The Honorable Andrew Erwin presided over the jury trial and, after the jury returned its verdict acquitting defendant of one charge and convicting him of several others, Judge Erwin also sentenced defendant to time in prison. As mentioned, an appeal followed, and we

reversed in part and remanded for resentencing on the two counts that we affirmed. *Ovalle*, 303 Or App at 358.

Upon remand, defendant filed a motion to disqualify Judge Erwin under ORS 14.210(1)(c), supported by his lawyer's declaration that the judge "is related by consanguinity within the third degree to a partner or office associate of the attorney for the state in this matter." Judge Erwin engaged defense counsel in a colloquy about the motion during a remotely conducted status hearing, particularly focusing on (1) whether ORS 14.260(3) barred defendant from seeking to disqualify a judge who had previously made substantive rulings in the case, and (2) whether the basis for disqualification relied upon by defendant should be deemed waived pursuant to ORS 14.210(2). Defense counsel responded that, in his view, the "time limits for motions under ORS 14.250 to 14.270" do not apply to "motions under ORS 14.210." The state was present for and represented at the hearing but was not asked any questions and did not participate in the discussion concerning the motion.

It is unclear whether the motion to disqualify was scheduled to be heard at the status conference when it was discussed. No evidence was offered or received, although there was this discussion about the alleged family relationship:

> "[DEFENSE COUNSEL]:  *** The only other issue regarding the disqualification motion, Your Honor, is the basis that give rise to disqualification under 210 did not exist— to my knowledge, did not exist in this particular case at the time that—that Your Honor made substantive rulings in—in this case prior to, I guess, remand from—from the appeal.
>
> "It has been a new circumstance that has arisen that's given rise to the Court having that relationship with the— with the party in this case.
>
> "[COURT]:   And I understand the position that you're taking. You're correct in your understanding, but, at this point in time, the statutory language that prevails as far as motion to disqualification does not apply to this particular case because I have made enumerable substantive rulings throughout the trial of this case."

Judge Erwin denied the motion from the bench on the grounds that he had already made substantive rulings in the case and, because of that, the motion was not available to defendant. Judge Erwin then set a date for the next hearing, at which time he resentenced defendant on Counts 5 and 6, imposing the same sentence as he had originally imposed on those counts.

On appeal, the state argues first that defendant failed to preserve his argument but that, even if he preserved it, the court did not err, because the motion was "procedurally barred" by ORS 14.260(3), given Judge Erwin's previous substantive rulings in the case. ORS 14.260(3) provides, as relevant:

> "A motion to disqualify a judge may not be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding."

We conclude that defendant preserved his argument under the judicial disqualification statutes. He filed a written motion, he answered the court's questions to him about the motion, and he argued below, as he does here, that ORS 14.260(3) does not bar his motion. We, thus, turn to the merits question.

This case concerns a for-cause motion to disqualify, but even for-cause motions vary somewhat in terms of whether disqualification or recusal is mandatory and depend on the type of cause identified in the motion. For example, there has been less certainty about whether disqualification should always be required when the cause is a family relationship between the judge and a party or a party's attorney as opposed to when the judge has a direct interest in the case. *See Disqualification of Judges for Prejudice or Bias*, 48 Or L Rev at 317-18. That tension between disqualification due to direct interest in a case and disqualification due to a family relationship with a party or attorney is reflected in ORS 14.210(2), which deems cause due to a family relationship waived if not raised, but does not provide for waiver when cause is based on a judge's direct interest in a case. ORS 14.210(2) provides, as relevant:

> "In the circumstances specified in subsection (1)(c) [where judge is related to party or attorney by consanguinity within third degree] and (d) [where judge has been an attorney in the case] of this section, the disqualification shall be deemed waived by the parties unless a motion for disqualification of the judge is made as provided by statute or court rule."

The fact that ORS 14.210 designates which of the listed causes may be deemed waived, while excluding others, cuts against the state's argument that the procedural requirements of ORS 14.260(3) apply to ORS 14.210. It seems unlikely that the legislature would designate a judge's direct interest in a case nonwaivable under ORS 14.210, but then allow the interested judge to preside over the case when the defendant does not seek to disqualify the judge under the procedural requirements of ORS 14.260.

*Langley* supports the notion that ORS 14.260(3) does not apply to an ORS 14.210 motion to disqualify judge. *Langley* was an aggravated murder case that had been remanded to the trial court for a fourth resentencing hearing following automatic and direct review in the Supreme Court. 363 Or at 484. When the matter was remanded for its fourth sentencing proceeding, the presiding judge assigned the case to a particular judge and, after that, the defendant filed a motion for change of judge, citing ORS 14.250 to 14.270 as authority. *Id.* at 487. He also filed a for-cause motion to disqualify judge under ORS 14.210(1)(d). *Id.* at 488. The presiding judge denied the motions as untimely, and the particular judge declined to recuse themself. *Id.* at 488-89.

The Supreme Court concluded that the for-prejudice motion filed under ORS 14.250 had correctly been denied as untimely. *Id.* at 494. It nevertheless proceeded to reach the merits of the for-cause motion filed under ORS 14.210. *Id.* at 495. The defendant relied on ORS 14.210(1)(a) (direct interest of judge) and ORS 14.210(1)(d) (judge has been attorney in case) in *Langley. Id.* at 497. The cause described in paragraph (d), like the cause in paragraph (c)—on which defendant relies in the case before us—is deemed waived when not raised by motion "as provided by statute or court rule." ORS 14.210(2). That the court addressed the merits of the

ORS 14.210 motion despite the state's procedural objections under ORS 14.260 is consistent with the approach that it took in *Hanson*. In that case, the court acknowledged that if ORS 14.250 were available to tax court litigants, those litigants would be required to comply with the procedural requirements for ORS 14.250 motions, and then noted that the litigants there had failed to timely file their motion within the time limitations of ORS 14.260(2). *Hanson*, 294 Or at 27-28. The court nevertheless went on to address the parties' constitutional due process argument, noting that if the parties were asserting *actual* bias or prejudice, they needed to have made factual allegations that would support a finding of such bias or prejudice, as distinct from the "conclusory statements" that are allowed under ORS 14.250. *Id.* at 28. *Langley* and *Hanson* strongly suggest that under the circumstances of the case now before us, the trial court should have addressed the merits of the for-cause motion rather than summarily denying it. At a minimum, the court should have held a hearing to address the substantive questions of whether the alleged cause existed and, if so, whether it was waivable and, if so, whether it was waived.

There might be times when an actual conflict arises after a judge makes a substantive ruling in a case. In such cases, the questions of whether a cause exists and whether a cause can be or was waived should be addressed at a hearing on the merits of the motion. When an actual conflict arises under ORS 14.210 or is otherwise alleged in factual terms of constitutional magnitude, that conflict can be readily examined as a matter of fact under the evidence code, because it is specific and concrete and, thus, susceptible to objective measurement. In such instances, it does not matter when the conflict arose, only that a conflict exists and must be evaluated on the merits question of whether recusal or disqualification is required.

The same cannot be said for the situation where a party forms a belief that a judge is biased after the judge rules on a substantive matter in their case and then desires to disqualify the judge on that belief alone. The lack of objective measurement in such cases renders just and efficient resolution through court proceedings exceedingly difficult and carries the risk of creating adversity and conflict where

none, in fact, exists. The question of the party's motivation to file the motion after a judge rules would create, by timing alone, its own practical and legal challenges, and the ill-advised practice of judge-shopping may well increase. The courts' already full and burdened dockets would necessarily have to shift and expand to accommodate the changes that such motions would create. The Supreme Court has clearly stated that by permitting motions to be filed under ORS 14.250 on a belief of bias alone, the legislature "provided parties and lawyers an opportunity, one that is not constitutionally or otherwise required, to remove a judge for personal, but not necessarily legal, reasons." *State v. Pena*, 345 Or 198, 207-08, 191 P3d 659 (2008). Such motions are, thus, strictly held to the procedural limitations the legislature placed on them. *Id.*

  The differences in motions to disqualify judge are not unlike the differences between a motion to excuse a juror for cause and a peremptory strike used to strike a juror after counsel has passed that juror for cause. The goal of each is to remove a prospective juror from the jury in a particular case. The basis for excusing a juror is different for each—a stated cause versus an undisclosed reason. The associated quantum and burden of proof required for each method of excusing a juror is necessarily different. *See, e.g.*, ORCP 57 D(1)(g), applicable to civil cases and also to criminal cases under ORS 136.210(1) ("A challenge for actual bias may be taken *** but on the trial of such challenge, although it should appear that the juror challenged has formed or expressed an opinion upon the merits of the cause from what the juror may have heard or read, such opinion shall not of itself be sufficient to sustain the challenge[.]"); ORCP 57 D(2) ("A peremptory challenge is an objection to a juror for which no reason need be given, but upon which the court shall exclude such juror.").[4] Those differences roughly

_____

[4] Although ORCP 57 D(2) is not made expressly applicable to criminal cases, the Supreme Court has treated peremptory challenges in criminal cases much the same as in civil cases, strictly enforcing the statutory limitations placed on such juror challenges. For example, where the defendant requested more than the allotted statutory number of peremptory challenges, the court stated that "the proper course for a defendant who has exhausted his peremptory challenges but who believes that there still are biased jurors on the panel is to challenge those jurors for cause, and appeal if his challenges are denied. The legislature

parallel the differences in the statutory methods for disqual-
ification of judges. The differences in measurability and the
evidentiary challenges that those differences present illus-
trate why it is more important to enforce strict procedural
limitations on motions filed on subjective belief alone than
on motions filed for cause.

        The declaration submitted here by defense coun-
sel does not address when or why he formed the belief that
Judge Erwin had a family relationship that constituted
cause for disqualification. That raises questions of whether
such a conflict exists and whether, if it does, it is waivable
and whether it has been waived. The best way to address
those issues would be at a hearing on the motion. Given that
Judge Erwin denied the motion solely because he had pre-
viously ruled on substantive issues in the case, the merits
of the for-cause motion were not reached, despite the brief
colloquy that occurred between the court and counsel where
it appeared that some family relationship may have been
acknowledged in passing.

        Relying on *Straub v. State of Oregon et al.*, 121 Or
451, 255 P 897 (1927), defendant asks us to broadly and lib-
erally construe the statutes concerning the disqualification
of judges. It is certainly as true today as it was in 1927 that
every party is entitled to a fair trial before an impartial
judge and that "sound public policy" is interested in preserv-
ing the integrity and good credit of every court. *Id.* at 457.
We agree that where, as here, the motion to disqualify is
based upon a specific cause under ORS 14.210, liberal con-
struction is favored in the interest of serving justice. The
court should have addressed the merits of the motion. A dif-
ferent approach is required, though, when disqualification is
sought solely on a subjective belief of bias under ORS 14.250
because that provision is merely "an extension of legislative
grace" to the moving party and must be construed according
to the strict procedural limitations with which that grace
was extended. *Langley*, 363 Or at 493-94.

---

did not empower trial courts to grant more than twelve peremptory challenges
in capital cases and, accordingly, the trial court here was without discretion to
grant defendant's motion." *State v. Barone*, 329 Or 210, 228, 986 P2d 5 (1999), *cert
den*, 528 US 1086 (2000).

Having concluded that the trial court erred in summarily denying defendant's ORS 14.210 motion to disqualify, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.