IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

| | | |
|---|---|---|
| DAVID JOHN MEDNANSKY, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5465** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CURRY COUNTY ASSESSOR, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION TO DISQUALIFY JUDGE** |
| Defendant-Intervenor. | ) | **ROBERT T. MANICKE** |

This matter comes before the court on Plaintiff's Motion and Affidavit to Disqualify Judge Robert T. Manicke, filed July 30, 2024 (Ptf's Mot & Aff Disqualify). The court has also reviewed Defendant's response filed August 9, 2024 (Def's Resp); Plaintiff's Response to Defendant's Objection to Motion to Disqualify, filed August 12, 2024 (Ptf's Reply); and the parties' statements at oral argument on July 22, 2024. Defendant-Intervenor did not respond to the motion.

The court's records show the following relevant facts:

(1) *Complaint.* On or about May 1, 2024, the court received the complaint in this matter, challenging a Magistrate Division decision in a case in which Plaintiff was the plaintiff and Curry County Assessor was the defendant.

(2) *Order denying default.* On May 14, 2024, Defendant filed an answer but, as later became evident, Defendant's counsel inadvertently failed to serve Plaintiff. In filings on June 3 and June 10, 2024, Plaintiff sought a default

ORDER DENYING PLAINTIFF'S MOTION
FOR DISQUALIFICATION OF JUDGE
ROBERT T. MANICKE  TC 5465

judgment. The court denied the default motions as based on an erroneous calculation of the due date for the answer, which had not yet elapsed on the date of the order (June 10, 2024). In the meantime, Defendant had timely re-filed its answer and effected service on Plaintiff (June 5, 2024).

(3) *Intervention.* In the June 10, 2024, order denying default, the court imposed a 10-day deadline for Curry County Assessor (to which Defendant had "tendered" its defense) to intervene; otherwise, the court would convene its opening Case Management Conference (CMC) without the county assessor.

(a) Curry County Assessor (Defendant-Intervenor) filed a motion to intervene on June 17, 2024, but, as later became evident, county counsel inadvertently mistyped Plaintiff's house number when attempting to serve the motion on Plaintiff by mail.

(b) On July 2, 2024, the court granted Defendant-Intervenor's motion to intervene, noting that the court had not received responses from any party. Plaintiff, having received the order by email, called court staff, who provided him with a copy of the motion.

(c) On July 3, 2024, Plaintiff filed a motion for sanctions against Defendant-Intervenor's counsel. On July 5, 2024, Plaintiff filed a motion to vacate the order allowing intervention.

(d) On July 15, 2024, Defendant filed a Response to Plaintiff's motion to vacate. On July 16, 2024, Plaintiff filed a Reply.

(e) On July 22, 2024, the court held the initial CMC, including a brief time for oral argument on Plaintiff's motion for sanctions and motion to vacate. Following the CMC the court sent a notice to parties, which included copies of cases explicating the *de novo* nature of Regular Division proceedings.

(f) On July 23, 2024, the court denied Plaintiff's motion to vacate the order allowing intervention, finding that Plaintiff had raised no substantive grounds to overturn it. Plaintiff's motion, reply, and statements at oral argument included allegations regarding the conduct of Defendant-Intervenor's attorney in the Magistrate Division proceedings, but Plaintiff offered no reason why Defendant-Intervenor should not be a party to this *de novo* appeal. The court thus found no evidence that Defendant-Intervenor's error in failing to serve Plaintiff affected his substantial rights.

ORDER DENYING PLAINTIFF'S MOTION
FOR DISQUALIFICATION OF JUDGE
ROBERT T. MANICKE  TC 5465

In support of his disqualification motion, Plaintiff points to an adverse order in this proceeding as evidence of the judge's bias and prejudice. Plaintiff cites the court's order denying Plaintiff's Motion to Vacate the Order Allowing Intervention. (See Ptf's Mot & Aff Disqualify at 2 ("Judge Manicke sided with Defendant's allegation standing on TCR 12 (B), and stated 'the court finds no evidence that the county's error affected Plaintiff's substantial rights'. Ignoring Rule 7 (G), and standing on a rule that does not concern due process rights, gives the appearance of unfairness and bias towards Plaintiff, and gives the appearance that Judge Manicke wants to please the Defendant * * *").) As authority, Plaintiff cites "ORS 14.250 and any other rules in the state of Oregon that cover judicial disqualification * * *." (Ptf's Mot & Aff Disqualify at 1).

ORS 14.250 to 14.270 allow a party or attorney who "believes that such party or attorney cannot have a fair and impartial trial or hearing" before the assigned judge to file a motion, supported by affidavit, stating that belief.[1] In the absence of a challenge by the judge moved against or the presiding judge for the judicial district, the motion "shall be allowed." ORS 14.260(1). "In the event of a challenge, a hearing shall be held before a disinterested judge. The burden of proof is on the challenging judge to establish that the motion was made in bad faith or for the purposes of delay." *Id*. "ORS 14.250 * * * provide[s] parties and lawyers an opportunity, one that is not constitutionally or otherwise required, to remove a judge for personal, but not necessarily legal, reasons." *State v. Pena*, 345 Or 198, 207-08 (2008)(emphasis in original deleted).

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2023 edition.

ORDER DENYING PLAINTIFF'S MOTION
FOR DISQUALIFICATION OF JUDGE
ROBERT T. MANICKE  TC 5465

As a threshold matter, Plaintiff asserts that his disqualification motion must be decided by the Chief Justice of the Supreme Court and not by the Tax Court Judge. (Ptf's Reply at 1). The court disagrees. Where no statute requires appointment of a disinterested judge, disqualification motions are routinely decided by the judge moved against. *See e.g. Rivera v. Dept. of Rev.*, 16 OTR 60 (2002) (Tax Court Judge denied motion to disqualify under ORS 14.250); *see also State v. Ovalle*, 325 Or App 538, 529 P3d 278 (2023) (leaving undisturbed circuit court judge's decision to rule on his own disqualification; reversing and remanding to require hearing on allegation that judge was conflicted under ORS 14.210).

In this case, the statute Plaintiff relies on, ORS 14.250, does require that a "disinterested judge" decide the disqualification motion in certain circumstances. However, ORS 14.250 does not apply to a judge of the Tax Court. ORS 305.455 provides:

> "Notwithstanding the provision of any other law, the provisions of ORS 14.250 relating to the disqualification of a judge for prejudice shall not be applicable to any judge serving regularly or temporarily as a judge of the tax court."

ORS 305.455(2) (2023). *See also Hanson v. Dept. of Rev.*, 294 Or 23, 653 P2d 964 (1982) (holding that ORS 14.250 does not apply to the Tax Court).[2] No other statutory provision prohibits the Tax Court Judge from deciding a motion under ORS 14.250. The court concludes that it is appropriate for the Tax Court Judge to decide this motion.

Having concluded that ORS 14.250 disqualification is unavailable in the Tax Court, the court next considers whether the other statutory basis for disqualification could apply:

---

[2] Even if ORS 14.250 were applicable to the Tax Court, Plaintiff would not prevail because he has not met the "strict procedural limitations" of ORS 14.250 to 14.270. *See Ovalle*, 325 Or App at 548. Plaintiff filed his motion to disqualify well beyond the time permitted by ORS 14.260(3) ("A motion to disqualify a judge may not be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding."). Judge Manicke entered an order on June 10, 2024, denying Plaintiff's Motion for Entry of Default and Motion for Default Judgment. Plaintiff's Motion to Disqualify Judge Robert T. Manicke was not filed until July 30, 2024.

disqualification under ORS 14.210.  *See Ovalle*, 325 Or App at 542 (discussing the two statutory tracks).  ORS 14.210(1) provides that:

> "A judge shall not act as such in a court of which the judge is a member in any of the following circumstances:
>
> "(a) The judge shall not act as judge if the judge is a party to or directly interested in the action, suit or proceeding, except that the judge shall not be disqualified from acting as such in a case in which the judge is added as a party after taking any official action as a judge in the action, suit or proceeding, and in that case the judge shall be dismissed as a party without prejudice.
>
> "(b) Except as provided in ORS 2.111 and 2.570, a judge shall not act as judge if the judge was not present and sitting as a member of the court at the hearing of a matter submitted for its decision. A judge may sign an order or judgment reflecting a decision made by another judge if, for good cause, the judge who made the decision is not available.
>
> "(c) A judge shall not act as judge if the judge is related to any party, or to the attorney for any party, or to the partner or office associate of any such attorney, by consanguinity or affinity within the third degree.
>
> "(d) A judge shall not act as judge if the judge has been attorney in the action, suit or proceeding for any party.
>
> "(e) If appeal is made from a decision of another court, or judicial review of a decision of an administrative agency is sought, a judge shall not act as judge on appeal if the judge participated in making the decision that is subject to review."

ORS 14.210(1) (2023).

Unlike ORS 14.250, ORS 14.210 is applicable to the Tax Court.[3]  ORS 14.210 ("*A judge shall not act as such in a court* of which the judge is a member in any of the following circumstances * * *") (emphases added).  However, Plaintiff has not alleged any facts that would

---

[3] Additionally, the procedural requirements applicable to disqualification under ORS 14.250 are inapplicable to disqualification under ORS 14.210, so Plaintiff's arguments under ORS 14.210 are not procedurally barred by ORS 14.260(3).  *See Ovalle*, 325 Or App at 545.

ORDER DENYING PLAINTIFF'S MOTION
FOR DISQUALIFICATION OF JUDGE
ROBERT T. MANICKE  TC 5465

support disqualification under any subsection of ORS 14.210(1). (*See* Ptf's Mot & Aff Disqualify).

Having concluded that no statutory grounds support disqualification, the court next considers whether any constitutional grounds require disqualification. *See Hanson*, 294 Or at 28 (addressing taxpayer's constitutional arguments for disqualification after determining that ORS 14.250 is inapplicable to a judge of the Tax Court).

Due Process requires "[a] fair trial in a fair tribunal * * *." *Id.*[4] To be disqualifying on procedural due process grounds, the judge's alleged bias and prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *See Hanson*, 294 Or at 28 (citing *US v. Grinnell Corp.,* 384 US 563, 583, 86 S Ct 1698, 16 L Ed 2d 778 (1966); *Berger v. United States*, 255 US 22, 31, 41 S Ct 230, 65 L Ed 481 (1921)).

In support of Plaintiff's motion to disqualify, Plaintiff cites statements made by the court in rulings adverse to the Plaintiff. Plaintiff's allegations of bias and prejudice all relate to this court's decisions to grant Defendant-Intervenor Curry County's Motion to Intervene and to deny Plaintiff's Motion to Vacate the order allowing intervention. (*See generally* Ptf's Mot & Aff Disqualify). Plaintiff has not alleged any bias or prejudice stemming from any *extrajudicial*

---

[4] On the subject of procedural fairness, the court notes that Plaintiff had multiple opportunities to be heard on any substantive grounds for denial of the county's motion to intervene: in his motion to vacate, on reply, and at oral argument. In the instant motion, Plaintiff points to his earlier allegations that county counsel behaved badly in the Magistrate Division proceedings. However, Plaintiff provided no declaration or other evidence substantiating these allegations, ignoring the court's explanation that Regular Division proceedings apply the rules of evidence and constitute a *de novo* trial rather than a review of proceedings before the magistrate. (Court's Ltr at 2, Jul 23, 2024 (including a copy of the court's decision in *Helms Deep, LLC v. Dept. of Rev.,* 25 OTR 210 (Feb 13, 2023) (rejecting county's request to treat facts recited in magistrate's decision as evidence).)

ORDER DENYING PLAINTIFF'S MOTION
FOR DISQUALIFICATION OF JUDGE
ROBERT T. MANICKE  TC 5465

source unrelated to TC 5465, therefore, Plaintiff's motion to disqualify does not meet the standard for disqualification under the Due Process Clause.

After reviewing the motion, response, and reply and being fully advised of the premises, the court finds that Plaintiff's motion should be denied. Now, therefore,

IT IS ORDERED that Plaintiff's Motion and Affidavit to Disqualify is denied.

Dated this 27th day of August, 2024.

8/27/2024 10:48:09 AM

Judge Robert T. Manicke

ORDER DENYING PLAINTIFF'S MOTION
FOR DISQUALIFICATION OF JUDGE
ROBERT T. MANICKE  TC 5465