IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DONALD-WAYNE RICARD, Beneficiary, )
 )
   Plaintiff, ) TC-MD 250142N
 )
  v. )
 )
KLAMATH COUNTY ASSESSOR, ) **ORDER DENYING PLAINTIFF'S**
 ) **MOTION TO DISQUALIFY**
 ) **PRESIDING MAGISTRATE**
   Defendant. ) **ALLISON R. BOOMER**

This matter came before the court on Plaintiff's Demand for Recusal of the Magistrate (motion to disqualify[1]) filed August 8, 2025, which he renewed in another filing on August 15, 2025. Defendant did not respond to either filing. Plaintiff alleges the magistrate demonstrated "clear bias and prejudice in her orders and rulings in this case" by "ignor[ing] the merits of the man sui juris donald-wayne:richard, beneficiary claim and [issuing] orders that favor the Defendant without sufficient legal justification." (Ptf's mot at 2, Aug 8, 2025.) Plaintiff argues that his constitutional rights to due process and equal protection have been violated. (*Id.* at 5.[2])

Both the Regular Division and the Magistrate Division of the Oregon Tax Court have recently addressed similar motions and explained the relevant standards for disqualification. *See Mednansky v. Dept. of Rev.*, TC 5465, 2024 WL 3964335 (Or Tax, Aug 27, 2024); *Gua v. Dept. of Rev.*, TC-MD 250036G, 2025 WL 1699759 (Or Tax M Div, Jun 11, 2025). In *Mednansky*, the

_____

[1] "Judicial disqualification is the removal of an assigned judge by motion of a party. Judicial recusal is removal on the judge's own initiative." *Gua v. Dept. of Rev.,* TC-MD 250036G, 2025 WL 1699759 n 6 (Or Tax M Div, Jun 11, 2025). Thus, the court construes Plaintiff's "demand for recusal" as a motion to disqualify.

[2] As in prior documents filed with the court, Plaintiff cites to a variety of other statutes without clear explanation and, at times, mischaracterizing the statutes. (*See, e.g.,* Ptf's mot at 5 (citing ORS 305.270 as requiring the magistrate to "adher[e] to proper assessment and collection of taxes" when, in fact, ORS 305.270 describes procedures to be followed by the department of revenue upon receipt of a taxpayer's claim for refund).)

court considered a similar argument to Plaintiff's that his due process rights were violated by adverse rulings in the case. *See Mednansky*, 2024 WL 3964335 at *2. The court explained that, "[t]o be disqualifying on procedural due process grounds, the judge's alleged bias and prejudice 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.' " *Id.* at *3, *citing Hanson v. Dept. of Rev.*, 294 Or 23, 28, 653 P2d 964, 967 (1982). Plaintiff's allegations of bias and prejudice based on the court's rulings in the case did "not meet the standard for disqualification under the Due Process Clause." *Id.* at *4.

Here, the bases for disqualification alleged by Plaintiff stem from the court's orders in this case, not from any extrajudicial source unrelated to the case. Plaintiff's motion to disqualify the magistrate must be denied. Now, therefore,

IT IS ORDERED that Plaintiff's motion to disqualify is denied.

_____

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This Order was signed by Presiding Magistrate Allison R. Boomer and entered on September 4, 2025.*

ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY PRESIDING MAGISTRATE ALLISON R. BOOMER  TC-MD 250142N                                                    2