Gearey BEWLEY,
*Appellant,*

*v.*

EVANITE FIBER CORPORATION,
*Respondent,*

*and*

Brian UNWIN,
*Defendant.*

(CV90-1044; CA A68484)

826 P2d 74

Mark K. Grider, Salem, argued the cause and filed the brief for appellant.

Brad C. Stanford, Portland, argued the cause for respondent. With him on the brief was Farleigh, Wada & Witt, P.C., Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this breach of contract case, plaintiff employee appeals from a summary judgment in favor of defendant employer. Plaintiff asks us to determine the effect of a disclaimer contained on page 1 of defendant's employment "guidelines:"

> "These guidelines are not intended to be a contract and do not create any contract rights. Revisions to these provisions may be made from time to time as warranted."

According to plaintiff, the guidelines "are express promises which create contract rights in the plaintiff despite the existence of a one sentence disclaimer" and, therefore, the effect to be given the disclaimer is a fact question for the jury.

■　We do not reach that issue. In conjunction with its motion for summary judgment, defendant submitted the affidavit of plaintiff's supervisor that said that plaintiff was discharged for neglect of duty and insubordination. Under the guidelines, those behaviors constitute "gross misconduct" and are bases for immediate discharge. Accordingly, defendant contends, even if the guidelines constitute a contract of employment, it complied with the contract in discharging plaintiff.

■　Plaintiff did not file a counter-affidavit or present any evidence to contradict the assertions contained in defendant's affidavit. Plaintiff apparently relies on his pleadings to create a factual issue regarding a breach of contract. However, in the absence of a counter-affidavit or other conflicting evidence, the contents of defendant's affidavit are taken as true. ORCP 47D.[1] Therefore, the testimony is undisputed that plaintiff was discharged in accordance with the terms of the guidelines, and the summary judgment was appropriate.

Affirmed.

---

[1] ORCP 47D provides, in part:

"When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of that party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party."