IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| CINDY GUA and WEEDBUCKS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 250037G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs brought two cases that share common facts and many common motions. In one, Plaintiffs challenge Defendant's assessment of payroll withholding taxes for all four quarters of 2023 and the first two quarters of 2024 (TC-MD 250037G). In the other, Plaintiffs challenge Defendant's certification that Weedbucks LLC was not in compliance with its tax obligations as of January 2025 (TC-MD 250036G). The cases are ready for decision on Defendant's Motion to Dismiss in TC-MD 250036G and its Motion for Summary Judgment in TC-MD 250037G. For the convenience of the reader, the court's decisions in the two cases are identical up until the conclusion sections.

## I. PROCEDURAL HISTORY

Plaintiffs filed their Complaints on January 27, 2025, along with Authorization to Represent forms naming Dan Baldwin as Plaintiffs' representative. On February 24, 2025, Defendant (through its former representative, Joil Southwell) filed an Answer in each case; Defendant's Answers were each accompanied by exhibits. On March 4, 2025, notices of appearance were filed in each case naming Senior Assistant Attorneys General Brian Collins and Daniel Paul as Defendant's new representatives. Defendant's new representatives filed an Amended Answer and Motion to Dismiss in TC-MD 250036G on March 11, 2025.

The court held a case management conference on March 12, 2025. At that hearing, Plaintiffs reported they had not received copies of Defendant's Answers, and the court directed Defendant to serve copies of those Answers on Plaintiffs. Two days later, court staff emailed copies of the Answers to the parties. That email reported the discovery during a telephone call with Plaintiffs that "the email address on Mr. Baldwin's Authorization to Represent form was incorrect."

At the case management conference, the court set a deadline for Plaintiffs' response to Defendant's motion to dismiss in TC-MD 250036G. Plaintiffs reported they had served two motions on Defendant and had unsuccessfully attempted to file them with the court--a motion to disqualify Defendant's attorneys and a motion *in limine*. The court directed Defendant to postpone filing a motion for summary judgment in TC-MD 250037G until March 31, 2025, so that Plaintiffs could complete the filing of its two motions.

Plaintiffs never filed those two motions. Instead, Plaintiffs began filing a series of other documents. At first, those documents were unsigned by Plaintiffs' representative; after Defendant raised the signature issue in its responses, the court issued a Journal Entry on March 31, 2025, informing the parties that the motions were not properly before the court. Plaintiffs subsequently filed amended motions with the proper signature, as well as additional motions and briefing. Plaintiffs then filed a letter requesting a private meeting with the magistrate and the magistrate's recusal; Plaintiffs followed up that letter with a motion to the same effect. Filings pertaining to pending motions are summarized below; identical motions filed in both cases are combined on one line.

| Date | Case | Filed By | Filing |
|------|------|----------|--------|
| 3/11 | 250036G | Defendant | Amended Answer and Motion to Dismiss |
| 3/18 | 250036G 250037G | Unsigned | Motion to: Strike Defendant's Answers for Fraud on the Court and Defective Certificate of Service |

| 3/18 | 250036G 250037G | Unsigned | Motion to Strike Exhibits |
|---|---|---|---|
| 3/19 | 250036G 250037G | Unsigned | Motion for: Summary Judgment and Motion to Strike Defendant's Exhibits |
| 3/24 | 250036G 250037G | Unsigned | Plaintiffs' Motion to Strike Answer and Declare Defendant's Motion to Dismiss Void |
| 3/27 | 250036G 250037G | Defendant | Defendant's Response to Plaintiffs' Motion to Strike Defendant's Answer[1] |
| 3/28 | 250036G 250037G | Defendant | Defendant's Motion to Dismiss Plaintiffs' Motion for Summary Judgment and Motion to Strike Defendant's Exhibits; Response to Plaintiffs' Motion to Strike Exhibits |
| 3/31 | 250036G 250037G | Defendant | Response to Plaintiffs' Motion to Strike Answer and Declare Defendant's Motion to Dismiss Void |
| 4/3 | 250036G | Plaintiffs | Amended Motion for: Summary Judgment and Motion to Strike Defendant's Exhibits |
| 4/3 | 250037G | Plaintiffs | Amended Motion for: Summary Judgment and Motion to Strike Defendant's Exhibits[2] |
| 4/3 | 250036G | Plaintiffs | Plaintiffs' Reply in Opposition to Defendant's Motion to Dismiss Plaintiffs[,] Motion for Summary Judg[ment] and Motion to Strike Exhibits. |
| 4/3 | 250037G | Plaintiffs | Plaintiffs' Reply in Opposition to Defendant's Motion to Dismiss Plaintiffs[,] Motion for Summary Judg[ment] and Motion to Strike Exhibits[3] |
| 4/9 | 250036G 250037G | Plaintiffs | Plaintiffs' Motion to Vacate: March 31st 2025 Second Journal Entry and Re[in]statement of Cured Motions Now Before the Court |
| 4/15 | 250037G | Defendant | Motion for Summary Judgment (and supporting declaration) |
| 5/5 | 250037G | Plaintiffs | Brief in Opposition and Objection to Defendant's Motion for Summary Judgment, Counter-Motion for Summary Judgment and Motion to Strike Answer |
| 5/6[4] | 250036G 250037G | Plaintiffs | Letter requesting private meeting and recusal of magistrate |
| 5/27 | 250036G 250037G | Plaintiffs | Plaintiffs' Motion to Recuse Magistrate Poul F. Lundgren |

/ / /

[1] Defendant's responses filed in the two cases are identical except for one sentence noting that it had filed an amended answer in TC-MD 250037G.

[2] Despite the similar captions, Plaintiffs' filings in the two cases are not identical.

[3] Despite the similar captions, Plaintiffs' filings in the two cases are not identical.

[4] A stamp indicates the letter was received on May 1, 2025, but the document was entered on May 6, 2025.

Plaintiffs' "Motion to Vacate" of April 9, 2025, states that their motions filed on April 3, 2025, cure the signature defects of prior motions noted by the court in a journal entry. The court considers those motions in conjunction with Defendant's previously filed responses to the defective motions.

## II. FACTS

Plaintiff Cindy Gua is the "proprietor of Weedbucks." (Compl at 3, TC-MD 250037G.) Weedbucks operates retail stores in Medford, Merlin, and Rogue River, which were visited by a representative of Defendant. (Def's Decl of Southwell, ¶ 6.) Defendant's representative observed "that each location had workers dispensing Weedbucks LLC products." (*Id*.)

Plaintiffs admit there are workers in their stores, but allege they are not employees: "Those who are active in providing the service of dispensing my product are self-employed persons as defined at OAR 461-[145]-0910[.]" (Compl at 3, TC-MD 250037G.) Plaintiffs did not file 1099 information returns for the workers in their stores. (Compl at 2, TC-MD 250036G; Def's Mot Summ J at 4.)

Defendant issued Notices of Assessment to Weedbucks LLC for employee payroll withholding tax covering all four quarters of 2023 and the first two quarters of 2024. (Compl, TC-MD 250036G.) Defendant also completed a Form OR-TCC Tax Compliance Certification on January 22, 2025, certifying to the Oregon Liquor and Cannabis Commission that Weedbucks LLC was "[n]ot in compliance" with its tax obligations. (Compl, TC-MD 250037G.)

Additional procedural facts pertaining to specific motions are discussed where appropriate below.

/ / /

/ / /

The first issue to be resolved is Plaintiffs' request that the magistrate recuse himself from adjudicating the case.  Then, the court will address Plaintiffs' motions to strike Defendant's Answers and exhibits.  Then, the court will address the dispositive motions filed by Defendant and the remaining motions filed by Plaintiffs.

A.      *Request for Private Meeting and Recusal*

Plaintiffs' request for a private meeting with the magistrate is denied because such a meeting would be impermissible *ex parte* contact between the court and a litigant.  *See* TCR-MD 3 A ("[a] party may not communicate with the court regarding substantive issues of the case without all parties or their representatives present").[5]

Plaintiffs' letter and motion requesting recusal may reasonably be construed as motions to disqualify the magistrate from this case.[6]  Plaintiffs stated a particular concern that the court directed Defendant to provide Plaintiffs with copies of its Answers and scheduled summary judgment briefing at the initial case management conference.  (*See* Ptf's Ltr at 2; Motion at 1.) In Plaintiffs' view, that direction by the court consisted of "Granting Legal Advice to Opposing Counsel"; "Acceptance of an Invalid Answer Filed by a Non-Attorney"; "Admission of Unauthenticated, Unsigned Evidence"; "Adjudicating Summary Judgment in the Absence of a Valid Answer;" and "Judicial Acknowledgment of Procedural Defect and Direction to Cure Despite Lack of Answer or Evidence"--five of the seven bases for disqualification in Plaintiffs' letter.  The other two are "Unequal Enforcement of Procedural Rules"--stemming from

/ / /

---

[5] Tax Court Rules – Magistrate Division (TCR-MD).

[6] Judicial disqualification is the removal of an assigned judge by motion of a party.  Judicial recusal is removal on the judge's own initiative.

Plaintiffs' unfounded belief that Defendant's Answer was not signed--and "Ignoring Timely and Substantive Motions." Plaintiffs' recusal motion makes similar allegations.

In *Mednansky v. Department of Revenue*, TC 5465, 2024 WL 3964335 (Or Tax Aug 27, 2024), the court identified two statutes under which a judge may be disqualified--ORS 14.210 and ORS 14.250--as well as the constitutional requirement of due process.[7] ORS 14.250 does not apply to magistrates of the Tax Court. ORS 305.455(2); *Rivera v. Dept. of Rev.*, 16 OTR 60, 62 (2002). ORS 14.210 indicates that it applies where a judge is a party to or has a direct interest in the case, has served as an attorney on the case, is a relative of a party or an attorney, has adjudicated the case in a lower tribunal, or was not present at trial. Even if a magistrate is a judge for purposes of ORS 14.210, Plaintiffs have not alleged reasons for disqualification relevant under that statute.

To be disqualifying as a violation of due process, "the alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case[.]" *Hanson v. Dept. of Rev.*, 294 Or 23, 28, 653 P2d 964, 967 (1982).

Here, the bases for disqualification alleged by Plaintiffs concern the magistrate's administrative actions in this case. Because that conduct does not violate the statutory and constitutional bases set forth above, Plaintiffs' motion to disqualify the magistrate is denied. *See* ORS 14.210; *Hanson*, 294 Or at 28.

B.    *Plaintiffs' Motions to Strike Answers and Exhibits*

Among the motions filed by Plaintiffs are requests that the court strike Defendant's original Answers for reasons of "fraud on the court and defective certificate of service."

---

[7] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

Plaintiffs repeat that request in almost all of their motions. In Plaintiffs' view, Defendant's filing of certificates of service with its Answers was fraud because Plaintiffs had not in fact been sent copies of the Answers. Plaintiffs also move to strike the exhibits attached to the Answers on the ground that they are unauthenticated and late.

Magistrates of this court are "not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice." ORS 305.501(4)(a). While procedures exist for placing defendants who never answer complaints in default, courts generally disfavor default judgments where a defendant has appeared and is actively litigating.

The court has reviewed the emails provided by Plaintiffs and sees no evidence of fraud. Defendant's former representative emailed Plaintiffs regarding each case on February 25, 2025, beginning each email with the words: "Attached is a Magistrate Answer filed on behalf of the Oregon Department of Revenue * * *." (Ptfs' Mot Strike Def's Answers at 2, 82, 84, Exs G-2, G-4.) Plaintiffs allege that Defendant's Answers were not attached to those emails. (*Id*. at 2.) On March 14, 2025, two days after the case management conference where Plaintiffs stated they had not received the Answers, court staff sent an email to both parties informing Defendant that the email address on Plaintiffs' Authorization to Represent form was incorrect. In an email time-stamped half an hour later, Defendant attached the Answers and informed Plaintiffs that it had directed a previous email to the incorrect address provided by Plaintiffs on their Authorization to Represent form. (*Id*. at 80-81, Ex G.)

The available documents suggest that Defendant's initial omission of email attachments was unintentional, not fraudulent. Defendant referenced the missing attachments in its original

///

emails and, after being informed the attachments were missing, sent them immediately upon being provided with Plaintiffs' correct email address.

The exhibits attached to the Answers consist of an audit letter and several Notice and Demand to File letters. Because those exhibits have not been offered as evidence at trial, Plaintiffs' motions to strike them are premature.

Plaintiffs have not shown any prejudice resulting from delay in receiving the Answers or the exhibits. Plaintiffs' objections to the latter are based on rules of evidence and procedure that are not applicable at this time. Their motions to strike both are denied.

C.      *Motion for Summary Judgment in TC-MD 250037G*

The court grants summary judgment where the documents on file show there is "no genuine issue as to any material fact" and the moving party is entitled to prevail as a matter of law. TCR 47 C.[8, 9] Whether there is a question of material fact hinges on how a reasonable factfinder would view the documents on file with the court:

> "No genuine issue as to a material fact exists if, based upon the record before the
> court viewed in a manner most favorable to the adverse party, no objectively
> reasonable juror could return a verdict for the adverse party on the matter that is
> the subject of the motion for summary judgment."

*Id*. Where documents on file support granting summary judgment for the moving party, the adverse party cannot create a genuine issue of material fact merely by denying the moving party's allegations, but "has the burden of producing evidence on any issue raised in the motions as to which the adverse party would have the burden of persuasion at trial." *Id*..

> "When a motion for summary judgment is made and supported as provided in this
> rule an adverse party may not rest upon the mere allegations or denials of that
> party's pleading, but the adverse party's response, by affidavits or declarations or

---

[8] Tax Court Rules (TCR)

[9] Pursuant to TCR-MD 13 B, the Regular Division rule on summary judgment is applicable to the extent relevant under the Magistrate Division's less formal standards of evidence. *See also* ORS 305.501(4)(a).

as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. * * *.”

TCR 47 D; *see also Bewley v. Evanite Fiber Corp.*, 111 Or App 314, 316, 826 P2d 74 (1992), *rev den*, 313 Or 299 (1992) (“in the absence of a counter-affidavit or other conflicting evidence, the contents of [the moving party’s] affidavit are taken as true”).

In the present case, Defendant alleges Plaintiffs had employees during the relevant time periods and therefore were obliged to withhold state income tax under ORS 316.167 and report those withholdings. Defendant submitted a declaration attesting that Plaintiffs operate retail stores at which workers sell Plaintiffs’ products, facts which are admitted by Plaintiffs in their Complaint.

In their response, Plaintiffs assert that “[m]aterial disputes preclude entry of summary judgment as a matter of law.” (Ptfs’ Brief Opp Summ J at 2.) They state that they “dispute every material assertion made by Defendant,” including “[t]he existence of employees[.]” (*Id*.) Plaintiffs argue that Defendant’s evidence is inadmissible because “[i]ts exhibits are unauthenticated and inadmissible hearsay, and its declarant lacks personal knowledge.” (*Id*.)

The undisputed facts—that workers in Plaintiffs’ stores dispensed Plaintiffs’ products— are strong evidence that those workers are Plaintiffs’ employees. To show otherwise at trial, Plaintiffs would have the burden of proving the workers had some other status, such as independent contractors. *See* ORS 305.427. To raise a genuine issue as to workers’ status for the purpose of defeating summary judgment, Plaintiffs “must set forth specific facts” showing evidence on which a factfinder could find the workers were not employees. *See* TCR 47 D. issue. They have not done so, preferring instead to focus their briefs on arguments about jurisdiction and the evidence code.

/ / /

In the absence of any countervailing evidence, a reasonable factfinder would have no alternative but to find that the workers dispensing Plaintiffs' products in Plaintiffs' stores were Plaintiffs' employees. Because there is no genuine issue of material fact and Defendant is entitled to prevail as a matter of law, the court grants Defendant's Motion for Summary Judgment.

After giving due consideration to the arguments raised in Plaintiffs' cross-motions for summary judgment--which rest on charges about the admissibility of Defendant's evidence, the status of Defendant's Answer, the supposed bias of the magistrate, and the constitutionality of the assessment and appeal process—the court denies those motions.

D.      *Motion to Dismiss Complaint in TC-MD 250036G*

Defendant moves to dismiss the Complaint in TC-MD 250036G on two grounds. First, "that there is another action pending between the same parties for the same cause"--namely, TC-MD 250037G (as well as a circuit court case). *See* TCR 21 A(3). Second, that Plaintiffs failed "to state ultimate facts sufficient to constitute a claim." *See* TCR 21 A(8). Plaintiffs' Complaint seeks an order that Defendant issue a tax compliance certificate for the periods in question on the basis that they have no obligation to file 1099s for the workers in their stores.

Upon request, Defendant issues certificates of tax compliance to taxpayers who have filed all required returns or reports for three years and have either paid the tax, appealed to this court in good faith, or entered into an approved payment plan. OAR 150-305-0304(2).[10]

Attached to Plaintiffs' Complaint is an email from Defendant stating Plaintiffs' request for a tax compliance certificate was denied "for the following reasons:"

> "The business has not filed all required reports and returns in the past three years and has not paid all assessments under OAR 150-305-0304(2). There have been

---

[10] Oregon Administrative Rules (OAR)

no iWire filings for wages paid to employees required by OAR 150-316-0359; or alternatively 1099s filed to independent contractors as required by OAR 150-314-0140; ORS 314.360."

(Compl at 5.) Thus, Defendant alleged multiple bases for denying the tax compliance certificate: that Plaintiffs have not filed required returns for employee payroll withholding, that Plaintiffs have not paid over tax withheld from employee wages, and that Plaintiffs have not filed 1099s for independent contractors.

Plaintiffs' Complaint in TC-MD 250036G alleges they were not obligated to file 1099s, arguing that "the duty to assess oneself is voluntary" and that Plaintiff Cindy Gua "did [her] own self-assessment and determined that [she] had insufficient federal taxable income to warrant the filing of a return." (Compl at 1-2.)

However, Plaintiffs state no facts regarding the presence or absence of employees and the consequent obligation to withhold tax and file reports. Even if Plaintiffs had no obligation to file 1099s, they would still be out of compliance if they had failed to file reports for employee payroll taxes or failed to pay over withheld tax. Indeed, as shown above in TC-MD 250037G, Plaintiffs are liable for payroll withholding. Their Complaint in TC-MD 250036G has not stated a claim for which relief may be granted.

Defendant's motion to dismiss the Complaint TC-MD 250036G is granted.

E.     *Other Pending Motions*

Plaintiffs' filings collectively make dozens of requests of the court. Those requests are duplicative and are largely addressed in the discussion above. Having duly considered the motions and the arguments supporting them, the court denies Plaintiffs' remaining motions.

/ / /

/ / /

IV. CONCLUSION

There being no genuine issue of material fact, Defendant is entitled to prevail in TC-MD 250037G.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' motions be denied, including their motions to disqualify the magistrate and to strike Defendant's Answers and exhibits, and their motions for summary judgment.

IT IS FURTHER DECIDED that Defendant's Motion for Summary Judgment in TC-MD 250037G be granted.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on June 11, 2025.*